GABRIAULT, Plaintiff, vs. GENSKE, Defendant and Respondent : BUILDERS & MANUFACTURERS MUTUAL CASUALTY COMPANY, Defendant and Appellant.

*October 9—November 5, 1935.*

For the appellant there was a brief by *Sutherland, Hughes & Sutherland* of Fond du Lac, and oral argument by *A. D. Sutherland*.

*Floyd Atherton* of Oshkosh, for the respondent.

FRITZ, J.   The only issue on this appeal is whether there was evidence to sustain the jury's finding that a policy of automobile liability insurance issued by the defendant Insurance Company to the defendant Genske was in effect on July 10, 1934, when the plaintiff was injured through Genske's negligence.

The following facts appear without dispute : The policy was first issued to Genske by the Insurance Company through its agent, the Chas. R. Van de Zande insurance agency, to expire on May 27, 1934.   On that date Genske was entitled, under that policy, to a dividend of $3.31 on the premium theretofore paid for the year.   A week prior to that expiration date, Van de Zande personally solicited Genske to renew the policy.   Van de Zande testified : "It was my intention to place the $3.31 dividend Mr. Genske was entitled to on the next year's premium.   That was understood when I solicited the business."   With that understanding, Genske agreed to the renewal of the policy, and he immediately received a proper renewal certificate from Van de Zande, who, in June,

1934, also sent to Genske an invoice of the Insurance Company, dated May 27, 1934, and reading, in part:

"Policy Number A-9502        $22.10
"Credit: Re Dividend        3.31

"Eff. 5/27/34        18.79
"C. R. Van de Zande & Sons dls."

Entries on Van de Zande's ledger account against Genske read:

| Items | | Debits | Credits | Balance |
|-------|---|--------|---------|---------|
| "5/27/34 A-9502 | 6/34 | 22.10 | | |
| "Dividend | | | 3.31 | 18.79" |

Thereafter the Insurance Company attempted to cancel the policy for "nonpayment of premium" by a written notice received by Genske on June 28, 1934. That cancellation was attempted under a provision in the policy, that—

"The company may cancel this policy at any time by giving not less than five (5) days' written notice to the assured, stating when thereafter the cancellation shall be effective, and (if premium has been paid by the assured) by returning to the assured the unearned premium. If the cancellation is made by the company, it shall be entitled to the earned premium to be computed and adjusted on a *pro rata* basis."

Under date of July 9, 1934, Genske issued a check for $18.79 to the Van de Zande agency with the notation thereon: "In Prem on policy May 27, 1934, to May 27, 1935." That check was accepted and banked by the Van de Zande agency to its credit; but on July 23, 1934, the agency mailed its check for $22.10 to Genske with a letter that: "The company wants their cancellation of June 27th to stand as is and we are therefore sending back your money together with your dividend on the policy." Genske never banked that check. It also appears that at the end of the fifth day after June 28, 1934, when, under the insurer's notice, the attempted can-

cellation was to become effective, there still remained, as unearned premium, $1.06 of the $3.31 dividend which had been applied on the renewal premium; and that no part thereof was ever returned or tendered to Genske.

In respect to that attempted cancellation there is applicable the rule recognized in *John R. Davis Lumber Co. v. Hartford Fire Ins. Co.* 95 Wis. 226, 239, 70 N. W. 84, that: "A policy of insurance cannot be canceled under the provisions in that regard, unless such provisions are strictly followed. The right of cancellation does not exist at all except by contract, and a clause in that regard is in the nature of a condition precedent, which must be strictly complied with in order to make an effort to cancel effective to accomplish its purpose." Accordingly, as is said in 32 C. J. p. 1252, § 440: "Ordinarily, apart from any provision to that effect, the return or tender to insured of the unearned premium is a condition precedent to cancellation of the policy by the company. . . . If it is provided that the policy may be canceled on notice to insured and on refunding the unearned premium, a return or tender of the premium is a condition precedent to cancellation." So, under the provision that the insurer may cancel the policy in suit by giving not less than five days' written notice, "and (if premium has been paid by the assured) by returning to the assured the unearned premium," there existed a condition precedent to cancellation which required the return to the insured of so much of the unearned premium as had been paid by him. The words in that conditional provision, "if premium has been paid by the assured," do not require that the premium must have been paid in its entirety in order to entitle the insured to a return of the unearned portion thereof as a condition precedent to an attempted cancellation becoming effective. There might have been some basis for such a contention if the provision had read "if *the* premium has been paid," but as that italicized

word, "the," was not used in connection with the word "premium," no such qualifying limitation should be implied in respect to the word "premium." Manifestly, in order to effect due and complete restitution to an insured of unearned premium, standing to his credit at the time of an insurer's election to cancel, the return of the unearned portion of partially paid premium is just as essential as the return of the unearned portion of a premium paid in its entirety. That is equally true as to a valid credit for dividend due and owing to the insured by the insurer, which the latter, by unconditionally crediting it upon its invoice to the insured for the premium on a renewal, treated and accepted as a partial payment thereon. Upon the receipt by Genske of that invoice, and his acquiescence in the insurer's application of that credit, in apparent compliance with the express agreement (testified to by Van de Zande), that it was understood, when he solicited Genske's renewal, that the dividend was to be so applied, that credit was, in legal effect, a payment on that premium.

It follows that, because of the insurer's failure to fulfil a condition precedent to the cancellation of the policy, *i. e.*, by its failure to return to Genske the unearned portion of premium which had been paid by crediting his dividend thereon, there was no effective cancellation of the policy, and it remained in force on July 10, 1934.

As those conclusions are based upon facts established by undisputed evidence, it was not necessary to submit any issue to a jury; and, consequently, the insurer's contention in respect to instructions given to the jury need not be considered.

*By the Court.*—Judgment affirmed.