SUENNEN, Administrator, Respondent, vs. EVRARD, Defendant: HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant.

*March 10—April 12, 1949.*

For the appellant there was a brief by *Fisher, Reinholdt & Peickert* of Stevens Point, and oral argument by *Richard T. Reinholdt.*

For the respondent there was a brief by *Lehner & Lehner, Adolph P. Lehner,* and *Howard N. Lehner,* and oral argu-

ment by *Howard N. Lehner* and *Eugene E. Behling,* all of
Oconto Falls.

BROADFOOT, J.   The plaintiff contends that there had been
no cancellation of the policy by Evrard; that the taxicab ordi-
nance of the city of Oconto Falls required that the policy of
insurance could be canceled only upon ten days' written notice
to the city, and that Gillis was the agent of the Hartford Acci-
dent & Indemnity Company because of the provision of sec.
209.05, Stats.   The appellant contends that the surrender of
the policy to the company operated as a cancellation thereof
under the terms of the policy, that the ordinance was invalid
because not properly published, and that Gillis was the agent of
Evrard.

In our opinion the sole question involved in this appeal is
whether or not the policy issued by the Hartford Accident &
Indemnity Company was in force on June 21, 1947, when the
accident occurred.   The policy contained the following cancel-
lation clause:

"This policy may be canceled by the named insured by mail-
ing to the company written notice stating when thereafter
such cancellation shall be effective.   This policy may be
canceled by the company by mailing to the named insured at
the address shown in this policy written notice stating when
not less than five days thereafter such cancellation shall be
effective.   The mailing of notice as aforesaid shall be suf-
ficient proof of notice and the effective date and hour of
cancellation stated in the notice shall become the end of the
policy period. . . .
"If the named insured cancels, earned premiums shall be
computed in accordance with the customary short rate table
and procedure. . . . Premium adjustment may be made at
the time cancellation is effected and, if not then made, shall
be made as soon as practicable after cancellation becomes ef-
fective.   The company's check . . . mailed or delivered as
aforesaid shall be a sufficient tender of any refund of premium
due to the named insured."

The letter of May 21, 1947, was not an effective cancellation of the policy under such cancellation clause. It did not state when after the notice the cancellation should be effective.

"A policy of insurance cannot be canceled under the provisions in that regard, unless such provisions are strictly followed. The right of cancellation does not exist at all except by contract, and a clause in that regard is in the nature of a condition precedent, which must be strictly complied with in order to make an effort to cancel effective to accomplish its purpose." *John R. Davis Lumber Co. v. Hartford Fire Ins. Co.* 95 Wis. 226, 239, 70 N. W. 84; *Gabriault v. Genske,* 219 Wis. 383, 263 N. W. 86.

It is not necessary to go into the question of the validity of the ordinance, nor is it necessary to a determination of this case to decide for which party the insurance agent Gillis was acting. Even though he were the agent of Evrard his authority was conditioned upon obtaining another policy upon Evrard's car.

*By the Court.*—Judgment affirmed.