GRIFFIN, ADMX., APPELLEE, *v.* GENERAL ACCIDENT FIRE
& LIFE ASSURANCE CO. ET AL., APPELLANTS.

(No. 4678—Decided February 5, 1953.)

*Mr. Thomas S. Bretherton,* for appellee.
*Messrs. DeMuth & Schneider,* for appellants.

FESS, J. This is an appeal on questions of law from
a finding and judgment for plaintiff.

On July 31, 1948, plaintiff's decedent purchased an
insurance policy from the defendants covering per-
sonal and property damage liability, medical pay-
ments, and insuring decedent's automobile for loss or
damage by collision. The combination policy con-
tained the following statements:

"Item 1.  Name of insured      George M. Griffin
address      Navarre Hotel, Toledo, Lucas county, Ohio

The automobile will be principally garaged in the above town or city, county and state, unless otherwise stated herein. No exceptions.

The named insured is (x) individual ( ) corporation ( ) partnership occupation of the named insured is clerk—cigar store, 1615 Adams st., Toledo''

"Item 2. Policy period: from July 31, 1948, 12:01 a. m. to July 31, 1949, 12:01 a. m. standard time, at the address of the named insured as stated herein.''

With regard to cancellation, the policy contains the following provision:

''This policy may be cancelled by the named insured by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.''

On November 19, 1948, the agent mailed notices on behalf of each of the defendants in envelopes addressed to George M. Griffin, Navarre Hotel, Toledo, Ohio, advising the insured that his policy of insurance was cancelled, effective November 26, 1948, at 12:01 a. m. Each of the letters was returned to the insurer's agent on November 24, 1948, stamped ''returned to sender'' and the pencil notation, ''not at.'' On January 10, 1949, the insured was injured as a result of a collision, from which he died the following day. His automobile was damaged.

Upon denial of liability on the part of the defend-

ants, the present action was brought. Defendants deny that the contract of insurance was in full force and effect on January 10, 1949, and allege that on November 26, 1948, defendants cancelled the insurance and that notice thereof was given according to the terms of the policy.

The court below found in part as follows:

"8. Two addresses of the named insured are shown in said policy, both addresses having been placed therein by the defendants. One address so shown is George M. Griffin, Navarre Hotel, Toledo, Lucas county, Ohio. Plaintiff's decedent, the said George M. Griffin, was residing at said address when said policy was issued, but was not residing there when notices of cancellation were mailed to that address by the defendants. The other address shown in said policy is 1615 Adams street, Toledo, Ohio, where the defendants indicated in said policy that plaintiff's decedent was employed as a clerk in a cigar store. Plaintiff's decedent was employed at said address, and was regularly present at that address during business hours, both at the time the policy was issued and at the time defendants attempted to cancel said policy. These facts were within the knowledge of the defendants.

"9. On November 19, 1948, each defendant through its local agent sent a written notice of cancellation to plaintiff's decedent at the Navarre Hotel, said notices reciting that the policy was cancelled as of November 26, 1948. These notices were returned by the United States post office, to the senders marked 'not at.'

"10. Defendants made no other effort to notify plaintiff's decedent of the attempted cancellation, except as described above, and no effort was made to return the unearned premium by mail or otherwise, although the address of his place of employment at 1615 Adams street, appears on the face of the policy; and defendants, through their agents, had actual knowl-

edge that plaintiff's decedent was regularly employed at said address and was present there during working hours. Plaintiff's decedent never received notice of cancellation of said policy.''

Upon the findings, judgment was entered for the plaintiff in the sum of $875.50 against The Potomac Insurance Company and in the sum of $515 against The General Accident, Fire & Life Assurance Company.

The principal question raised upon the appeal is whether, upon the findings, the insurance was effectively cancelled. There is a distinct conflict of authority on the question whether a notice of cancellation sent by the insurer by mail must be received by the insured before it becomes effective. Although the conflict arises primarily out of the variations of the terminology of the policies, by the weight of authority the receipt of the notice of cancellation mailed by the insurer is held to be necessary. The mailing of notice which is not received by the insured has been held insufficient under the facts in cases involving provisions that notice mailed or deposited in the mail should be sufficient. 123 A. L. R., 1008, 1011 to 1013.

The policy involved in *Trinity Universal Insurance Co.* v. *Willrich,* 13 Wash. (2d), 263, 124 P. (2d), 950, 142 A. L. R., 1, contains exactly the same cancellation clause as the policy in the instant case. That court held that the mailing of notice of cancellation was sufficient, even though the notice was not actually received by the insured. In that case there was no dispute as to the fact that the notice was mailed, but the insured testified and the court found that the insured did not actually receive the notice.

It has been held also that a notice sent by mail to an insured at his address as designated in the policy, pursuant to a policy provision for such notice, is sufficient notwithstanding the insured may have moved

from such address, where the insurer has no notice or knowledge of his change of address. 149 A. L. R., 1317. But in a number of cases it has been held that where notice of the insured's change of address has been sent the insurer, or knowledge thereof has been acquired by its agents, a notice to the insured at the address originally given in the policy is not effective in the absence of actual receipt of such notice or effective knowledge thereof. 149 A. L. R., 1319. In *Gendron* v. *Calvert Fire Ins. Co.*, 47 N. M., 348, 143 P. (2d), 462, 149 A. L. R., 1310, the cancellation clause provided that "proof of such mailing shall be sufficient evidence of such notice." In each of the cited cases, the insured, incident to the filing of two previous claims, had filed proofs of claims giving his permanent address in another state, to which he had moved. The court found also that the insured at all times continued to receive mail from his former California address and that there was no endorsement on the policy showing a change of address. The cancellation notice had been mailed to the insured at the address stated in the policy but for some reason was never received by the plaintiff. The court held that actual receipt of an insurer's notice of cancellation is not necessary to effect a cancellation where the policy provides for cancellation by mailing notice to the insured's address stated in the policy and that proof of mailing shall be sufficient evidence of such notice. With respect to the knowledge of the change of address by the insurer's agent who had adjusted two prior losses, the court said that there was no evidence that the insurer ever had notice thereof and applied the waiver clause as indicating that the address stated in the policy to which notices were to be sent could not be changed except by endorsement on the policy.

The editors of American Jurisprudence, as a result of the *Gendron case, supra,* and the annotation thereof reported in 149 A. L. R., 1316, have added new text in

the supplement to 29 American Jurisprudence, as Section 285.1, which reads as follows:

"It has been held that a notice of cancellation sent by mail to an insured at his address designated in the policy, pursuant to a policy provision for such notice, is sufficient notwithstanding that the insured may have moved from such address, where the insurer has no notice or knowledge of his change of address. However, a different conclusion has been reached where the notice was sent by registered mail with a request that it be returned to the insurer within five days, apparently on the ground that the request for return made it impossible for the insured to receive the notice in view of the fact that he had changed his residence. It has been held that where notice of insured's change of address has been sent to the insurer, or knowledge thereof has been acquired by its agents, a notice of cancellation to insured at the address originally stated in the policy is not effective to bind him as to the consequences thereof, at least in the absence of actual receipt of such notice or effective knowledge thereof. However, it has also been held that the fact that an agent of the insurance company had knowledge of insured's change of address did not, under the circumstances involved, make a notice to the insured at the address specified in the policy ineffective for the purpose intended."

In the instant case, the agent of the insurer had knowledge that the notices had not been delivered and also was put upon notice of the place where the insured worked and could have been found. The policy contains a standard clause similar to the one approved in *Fay, Admr.*, v. *Swicker*, 154 Ohio St., 341, 348, 96 N. E. (2d), 196 (certiorari denied, 342 U. S., 812, 96 L. Ed., 614, 72 S. Ct., 24), which clause is as follows:

"Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver

or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the term of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by the United States Manager and attorney for the General Accident Fire & Life Assurance Corporation, Limited, or the president for The Potomac Insurance Company of the District of Columbia.''

Under the provisions of this clause, no knowledge possessed by an agent could constitute a waiver or change of the terms of the policy. But the agent was directed by the insurer to cancel the policy and any knowledge or notice of the agent incident to the performance of this delegated duty would constitute notice as well as knowledge to the insurer.

As said by the Supreme Court in *Fay* v. *Swicker, supra,* with respect to the waiver clause, we see no reason why the insurer and the insured may not make such an agreement as is incorporated in the cancellation clause. But in analyzing its provisions, it is to be construed in the light of what the insurer intended by the use of the phraseology employed, and we must apply the rule of liberal construction in favor of the insured and the rule of strict construction against the insurer seeking to avoid the policy.

''Accordingly, a provision for forfeiture must be construed fairly but strictly against the insurer so as to prevent a declaration of forfeiture by construction, when the strict terms of the condition do not require it. Furthermore, courts are liberal in construing transactions in favor of the avoidance of a forfeiture; there are no presumptions in favor of a right by forfeiture, for forfeitures are abhorred in equity and are never favored in law. On the other hand, if conditions invalidating policies are unambiguous and are such as affect the risk of the insurer without violating the law,

they should be enforced." 22 Ohio Jurisprudence, 338, Section 183.

Ordinarily, the deposit of a notice of cancellation in the mail would be delivered to the insured at the address stated in the policy, and it has been held that proof of the mailing of a letter properly stamped and addressed affords prima facie evidence of its receipt by the addressee. The principle applies notwithstanding the address of the addressee may have been lately changed because the well-known accuracy, knowledge and facilities and practice of the postal service in such matters raise a presumption of delivery, but this is a rebuttable presumption and may be met by evidence of equal weight to overcome the presumption of delivery. *Judge* v. *Masonic Mutual Benefit Association,* 10 C. C. (N. S.), 473, 20 C. D., 133.

As we view it, the provision that mailing of the notice shall be sufficient proof of notice was adopted to spell out the presumption of delivery upon proof of mailing and meet a claim on the part of the insured or those claiming through him that notice was not actually received. Mailing may be sufficient proof of notice, but it is not conclusive proof thereof. Under the evidence before the trier of the facts in the instant case, the prima facie showing of delivery was not only met but was overcome. In the face of the finding that the letters were returned by the postal service marked "not at," and that the whereabouts of the insured was known, in effecting a cancellation or forfeiture of the insured's rights under the policy, the insurer should not be permitted to rely solely upon the deposit of the notices in the mail, particularly where, under a further provision of the cancellation clause, delivery other than by mail could have readily been had.

It is, therefore, concluded that where the insurer through its agent authorized and directed to cancel a policy is apprised that the insured has not received

the notice thereof by mail and has knowledge of the place where delivery may be made, and in the absence of evidence that reasonably diligent efforts were made to find the insured and deliver such notice, mere proof of the depositing of the notice in the mail addressed to the insured at the address stated in the policy is sufficient, but not conclusive, proof of notice, and may be overcome by evidence that such notice was not actually received by the insured, and is ineffective to support a finding as a matter of law that the policy was duly cancelled.

*Judgment affirmed.*

CONN and SAVORD, JJ., concur.