Bobby R. WRIGHT

v.

COLUMBIA CASUALTY COMPANY,
a corporation.

Deloris Anna YOUNG, an infant who sues
by Ida Young, her mother and
next friend

v.

COLUMBIA CASUALTY COMPANY,
a corporation.

Civ. A. Nos. 1716, 1717.

United States District Court
S. D. West Virginia.

Feb. 4, 1956.

John H. McCutcheon, Summersville, W. Va. (R. J. Thrift, Jr., Fayetteville, W. Va., on the brief), for plaintiffs.

Mahan, White & Higgins, Fayetteville, W. Va. (S.C. Higgins, Jr., Fayetteville, W. Va., on the brief), for defendant.

MOORE, Chief Judge.

These cases involve an attempted cancellation of an automobile liability in-

surance policy issued to Charles S. Willis, Jr., by the Columbia Casualty Company. The issue to be decided is whether the defendant effectively cancelled the policy before the accident occurred which forms the basis of these suits. The cases were submitted on an agreed statement of facts the pertinent parts of which are as follows.

The policy was issued for a stated period commencing at 12:01 A.M. on December 28, 1954, and ending at 12:01 A.M. on December 28, 1955. At the date the policy was issued and until his death, Willis was a member of the United States Air Force. His address on the date of issuance, which is the address shown in the policy and was never changed on the face of the policy, was 764th Bomber Squadron, Hill Air Force Base, Utah.

By the terms of the policy defendant agreed to pay on behalf of Willis all sums which he became legally obligated to pay as damages because of bodily injury, etc., sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile described therein. Liability to each person so injured was limited to the sum of $5,000.

The policy contained the following provision with respect to cancellation:

"This policy may be cancelled by the named insured by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy, written notice stating when, not less than five days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice, either by the named insured or by the company, shall be equivalent to mailing."

On January 11, 1955, pursuant to his request to be transferred to a base near his home, Willis received official orders releasing him as of that date from assignment with the 764th Bomber Squadron at Hill Air Force Base, and assigning him to the 405th Fighter Bomber Wing, TAC, Langley Air Force Base, Virginia. He was ordered to report for duty at Langley Air Force Base on February 18, 1955. The orders further provided that as of January 21, 1955, Willis was to be dropped from the rolls of Hill Air Force Base and placed upon the rolls of Langley Air Force Base.

On or about January 11, 1955, Willis departed from Hill Air Force Base. The record is silent as to his intended movements between that time and the date on which he was ordered to report at Langley Air Force Base.

On January 21, 1955, defendant's agent in Utah was advised by personnel at Hill Air Force Base that Willis had been transferred to 405th Fighter Bomber Wing, TAC, Langley Air Force Base, effective as of that date. However, the agent was not advised of the date upon which Willis was required to report to his new duty assignment.

On January 25, 1955, defendant deposited in the United States mail in Salt Lake City, Utah, a registered letter, return receipt requested, addressed to Willis at 405th Fighter Bomber Wing, TAC, Langley Air Force Base, Virginia. This letter contained a notice that the insurance policy was cancelled as of February 3, 1955, at 12:01 A.M. standard time in the State of Utah. It was received at Langley Air Force Base Station, Hampton, Virginia, on January 28, 1955, but was returned undelivered to the Post Office at Salt Lake City, Utah, on February 11, 1955.

On February 4, 1955, in the State of West Virginia, Willis, while driving the automobile covered by the insurance policy in question, was involved in an automobile accident, as a result of which he was killed and Deloris Anna Young and Bobby R. Wright were injured.

Thereafter Bobby R. Wright and Deloris Anna Young, who sues by Ida Young, her mother and next friend, instituted actions in the Circuit Court of Fayette County, West Virginia, against Charles S. Willis, Sr., administrator of the estate of Charles S. Willis, Jr. Young obtained judgment in the amount of $3,500 and Wright in the amount of $6,500. Counsel for plaintiffs concede that Wright cannot recover in the present action more than $5,000. No part of these judgments has been paid.

By reason of his untimely death, Charles Willis, Jr., never received the notice of cancellation.

■■ It is fundamental that, in the absence of a stipulation to the contrary, the act of cancelling a contract which provides for cancellation on notice necessarily includes the element of delivery of the notice. Although the parties to an insurance policy can contract away the element of delivery, or at least provide that mailing shall be sufficient proof of delivery, the party seeking to take advantage of such a provision must show a strict compliance with the terms of the contract, or display some valid reason for non-compliance.

Defendant has attempted to excuse its non-compliance with the cancellation provision relative to the mailing of notice to the address shown in the policy by arguing that, since it had knowledge of a new official address of the insured, mailing the notice to the address prescribed in the policy would have been a fruitless act. To support this contention, counsel for defendant has cited several cases.

In every case cited the notice of cancellation was sent to the address stated in the policy, and the court in each case held the cancellation ineffective. I think these cases are all distinguishable from those now before me.

In Long v. Home Indemnity Co., La. App.1936, 169 So. 154; Traders & General Ins. Co. v. Champ, 9 Cir., 1955, 225 F.2d 802; Railway Mail Ass'n v. Moore, 4 Cir., 1926, 15 F.2d 547; Griffin v. General Acc. Fire & Life Assur. Co., 1953, 94 Ohio App. 403, 116 N.E.2d 41, the insured was known by the insurer to be actually present at the new address, and notice sent there would have reached the insured before the effective date of cancellation. In Merrimack Mutual Fire Ins. Co. v. Scott, 1951, 219 Ark. 159, 240 S.W.2d 666, the insured gave written notice to the insurer of his change of address, though he was not present at the new address when the notice was mailed to the old address.

The Court found in the Champ case that the insured not only had mailed written notice of the change of address to the insurer's agent, but also that the insured's father-in-law, shortly after a notice of prospective cancellation was received by insured, orally gave the agent the new address.

In the Griffin case both the insured's home and business address were shown on the face of the policy. After notice sent to the home address was returned, the insurer failed to notify insured at the business address although its agents had actual knowledge that he was still employed there.

The Court in the Long case held that correspondence with the insured at the new address prior to sending the notice of cancellation "* * was equivalent to notice from the assured * * *" of the change of address. [169 So. 159.]

In the Moore case, the by-laws of the mutual benefit association provided for mailing notice of assessment at the last known address of the insured. A general officer of the association had corresponded with the insured at his new address prior to sending the notice of assessment, and the Court held this was the last known address, to which the notice should have been sent.

In the cases before me neither Willis nor anyone acting for him notified the defendant of any change of address. On the contrary, the agents of defendant requested and received the information on which they acted from officials at Hill Air Force Base. As was pointed out

in Gendron v. Calvert Fire Ins. Co., 1943, 47 N.M. 348, 143 P.2d 462, 465, 149 A.L.R. 1310 " * * * there is nothing to show that [insured] desired the company to recognize such a change of address * * *." However, the distinction does not end here. Willis was not present at the address to which the notice of cancellation was sent. Even if misfortune had not befallen him, he would not have received the notice sent to Langley Air Force Base until February 18, 1955, the day he was to report. The authorities there knew only that on January 21, 1955, they were to place upon their rolls one Charles S. Willis, Jr. On the other hand, Hill Air Force Base probably knew the whereabouts of Willis. If defendant's agents had made further inquiry at Hill Air Force Base it is probable that they would have been informed of the address at which Willis could have been reached while on leave. Also it is not unreasonable, I think, to say that had the notice been sent to the address stated in the policy, it is likely that it would have been forwarded to the insured at his home address.

Since the right of cancellation does not exist at all except by contract, a policy of insurance cannot be cancelled under provisions in that regard unless such provisions are strictly followed. State Farm Mut. Auto Ins. Co. v. Pederson, 1947, 185 Va. 941, 41 S.E.2d 64; Tarleton v. DeVeuve, 9 Cir., 1940, 113 F.2d 290; Suennen v. Evrard, 1949, 254 Wis. 565, 36 N.W.2d 685, 8 A.L.R.2d 200; Naify v. Pacific Indemnity Co., 1938, 11 Cal.2d 5, 76 P.2d 663, 115 A.L.R. 476. Here the attempted cancellation did not comply with the provisions of the policy and since Willis did not receive the notice, the action which defendant took did not cancel the policy.

There is substantial authority for the proposition that under cancellation provisions similar to that shown in this case, undelivered notice of cancellation mailed to the address of the insured as shown in the policy is ineffective if sent by registered letter. Fidelity & Casualty Co. v. Riley, 1935, 168 Md. 430, 178

A. 250; Medford v. Pacific Nat. Fire Ins. Co., 1950, 189 Or. 617, 219 P.2d 142, 222 P.2d 407, 16 A.L.R.2d 1181; American Automobile Ins. Co. v. Watts, 1914, 12 Ala.App. 518, 67 So. 758. However, having already found that the notice given here was ineffective to cancel this policy, because it was not mailed to the insured's address as shown in the policy, it is not necessary to decide what effect, if any, the sending of the notice of cancellation by registered mail had upon the validity of the attempted cancellation.