**COLUMBIA CASUALTY COMPANY,**
a Corporation, Appellant,

v.

Bobby R. WRIGHT and Deloris Anna Young, an infant who sues by Ida Young, her mother and next friend, Appellees.

No. 7205.

United States Court of Appeals Fourth Circuit.

Argued June 14, 1956.

Decided July 9, 1956.

Stanley C. Higgins, Jr., Fayetteville, W. Va. (Mahan, White & Higgins, Fayetteville, W. Va., on brief), for appellant.

R. J. Thrift, Jr., Fayetteville, W. Va. (John H. McCutcheon, Summersville, W. Va., on brief), for appellees.

Before PARKER, Chief Judge, and BARKSDALE and BRYAN, District Judges.

BARKSDALE, District Judge.

This is an appeal from a judgment entered by the District Court for the Southern District of West Virginia in the consolidation of two cases submitted to the court for decision without a jury on an agreed statement of facts. So far as pertinent, the facts are as follows:

Columbia Casualty Company (hereinafter called the "Company") through its agent in Utah, issued to Charles Willis, Jr., (hereinafter called the "insured") an automobile liability insurance policy for a policy period commencing at 12:01

A.M., on December 28, 1954, and ending at 12:01 A.M., on December 28, 1955. Charles Willis, Jr., was then and until his death on February 4, 1955, a member of the United States Air Force. The address of the said Charles Willis, Jr., at the time of the issuance of said policy and as shown thereon, was 764th Bomb. Sqdn., Hill Air Force Base, Utah. The address of Willis shown in said policy was never changed on the face of the policy. Insofar as the insuring agreements are concerned, the policy was in the usual form and contained a limit of liability to each person injured by reason of the operation of the automobile therein described of Five Thousand Dollars.

At his own request, Charles Willis, Jr., was transferred from Hill Air Force Base, Utah, to Langley Field, Virginia. By an official order of the United States Air Force, dated January 11, 1955, Willis was released as of that date from assignment with the 764th Bomber Squadron at Hill Air Force Base and was ordered to report for duty with 405th Fighter Bomber Wing, Tactical Air Command, at Langley Air Force Base on February 18, 1955. Further by said order, on January 21, 1955, Willis was to be dropped from the rolls of the Hill Air Force Base and placed on the rolls at Langley Air Force Base as of that date. Willis left Utah on or about January 11, 1955, but, by reason of his death, did not report to Langley Air Force Base on February 18, 1955, or at any time prior thereto.

Said policy of insurance contained the following provisions with respect to cancellation:

"This policy may be cancelled by the named insured by mailing to the company written notice stating when thereafter such cancellation shall be effective. This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy, written notice stating when, not less than five days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice, either by the named insured or by the company, shall be equivalent to mailing."

On January 21, 1955, the appellant's agent in Utah received information from United States Air Force personnel at Hill Air Force Base, Utah, that Charles Willis, Jr., had been so transferred to 405th Ftr. Bmr. Wg., TAC, Langley AFB, Virginia, for duty, which, after January 21, 1955, would be the official address of said Willis. Appellant's agent was not advised of the date upon which said Willis was required to report to Langley Field, Virginia.

On January 25, 1955, the insurance company, by its General Agent in Salt Lake City, Utah, mailed to Willis, addressed to him at 405th Ftr. Bmr. Wg., TAC, Langley AFB, Virginia, by registered United States mail, return receipt requested, a notice that said policy of insurance was cancelled to take effect on the 3rd day of February, 1955, at 12:01 o'clock A.M., Standard Time in the State of Utah. This notice, mailed on January 25, 1955, at Salt Lake City, Utah, was received at Langley Air Force Base Station, Hampton, Virginia, on January 28, 1955 and was returned undelivered to Salt Lake City, Utah, on February 11, 1955. By reason of the death of Charles Willis, Jr., on February 4, 1955, the notice of cancellation was never delivered to him.

It is to be noted that insured's transfer order provided that on January 21, 1955, his name was to be dropped from the rolls at Hill Air Force Base in Utah and placed on the rolls at Langley Field in Virginia. But there was also a provision in the same order that insured was not required to report at Langley Field until February 18, 1955. This, the Company did not know, but it would seem that the information was available to it. The result is, that although the insured's name was to be placed on the

rolls at Langley Field on January 21, 1955, Langley Field would not actually become his present address until February 18, 1955, fifteen days after the effective date of the cancellation set out in the Company's notice of cancellation. It is also to be noted that "the address shown in this policy" was never changed, and that no change of address was ever requested by the insured.

On February 4, 1955, in the State of West Virginia, Charles Willis, Jr., while driving the automobile described in the insurance policy, was involved in an automobile accident as a result of which the appellees, who were riding with him, were injured. Willis was killed in the same accident. The appellees recovered judgments against the administrator of the estate of Willis for their injuries, in a West Virginia State Court. Being unable to collect these judgments from the administrator of the estate of Willis, the appellees brought their actions in the Court below against the insurance company seeking recovery upon their unpaid judgments, basing their action upon the policy of insurance issued to Willis.

The insurance company denied payment and defended on the ground that the policy was cancelled before the happening of the accident which gave rise to these suits. The District Judge, for reasons set out in an able opinion, *sub nom.* Wright v. Columbia Casualty Company, D.C., 137 F.Supp. 775, rendered its judgment against the Company, from which it has prosecuted this appeal. Little more need be added to what was said by the District Judge.

■ Since the Company's right of cancellation existed solely by reason of the cancellation provision in the insurance contract, it would seem obvious that strict compliance with this provision was necessary. Naify v. Pacific Indemnity Co., 11 Cal.2d 5, 76 P.2d 663, 115 A.L.R. 476; Davis Lumber Co. v. Hartford Fire Insurance Co., 95 Wis. 226, 70 N.W. 84, 37 L.R.A. 131. Cancellation of an insurance contract, upon which the insured is relying for protection, is drastic action,

and the requirement of five days' notice is obviously to enable the insured to secure insurance protection from some other company. Merrimack Mutual Insurance Co. v. Scott, 219 Ark. 159, 240 S.W.2d 666. The cancellation provision here under consideration provides two alternative methods: first, written notice mailed to the insured at the address shown in the policy, and second, delivery of such written notice.

■ We agree with the contention of appellant that, if written notice is mailed to the insured at the address shown in the policy, the Company having no knowledge of any change of address, actual receipt of the notice by the insured is not an essential to effective cancellation. Wright v. Graindealers Insurance Co., 4 Cir., 186 F.2d 956, Sorensen v. Farmers Mut. Hail Insurance Association, 226 Iowa 1316, 286 N.W. 494, 123 A.L.R. 1000.

But here the Company did obtain information that, as of January 11, 1955, the address shown in the policy would be no longer the correct address of the insured. The Company contends that, having obtained this knowledge, a notice sent to the address shown in the policy would have been futile as well as legally ineffective. Appellant cites cases holding that notice of cancellation sent to the address shown in the policy, the company having notice of a change of address, would be ineffective. Long v. Home Indemnity Co., La.App., 169 So. 154; Railway Mail Association v. Moore, 4 Cir., 15 F.2d 547; Traders & General Insurance Co. v. Champ, 9 Cir., 225 F.2d 802; Griffin v. General Assurance Co., 94 Ohio App. 403, 116 N.E.2d 41. However, as pointed out by the District Judge, 137 F.Supp. at page 777, all of these cases are distinguishable from the instant case and fail to support the Company's contention that, under the circumstances here prevailing, its notice of cancellation was effective.

We have been referred to no case precisely on all fours with the instant case, nor have we found one. However, the

following two cases are interesting and somewhat analogous:

In Gendron v. Calvert Fire Insurance Co., 47 N.M. 348, 143 P.2d 462, 149 A.L.R. 1310, the address of the insured shown in the policy was March Field, California. Subsequently, he changed his address to Kirkland Field, Albuquerque, N. M., and so advised an adjustor acting as agent of the company. However, at all times, the insured continued to receive mail addressed to him at March Field and forwarded to Kirkland Field. No change of address was made in the policy, and the insured, other than telling his adjustor of the change of address, gave no notice to the company. Wishing to cancel, the company sent written notice to the insured at March Field, the address shown in the policy, which, for some reason, was never received by the insured. It was held that the mailing of the cancellation notice to the insured at the address shown in the policy effectively cancelled the policy, notwithstanding the facts that the cancellation notice was never received and that the insured had told the adjustor of his permanent change of address. The court said, 47 N.M. 348, 143 P.2d 465, 149 A.L.R. 1314:

"There is much reason to be advanced in support of a practice of embodying in the policy of insurance a permanent address to which all necessary mail and notices may be sent to the insured. It is common knowledge that the insured, although having a permanent address in a place where the policy is issued, may travel widely and that he may be involved in accidents in places far removed from the place of his residence. These accidents are adjusted and the loss therefor paid, usually, in a place convenient to both the insured and the adjusting agency representing the company.

"What would have been the result if notice of cancellation had been sent to the insured at his present Albuquerque address and he had not received it? He could very proper-

ly have complained that the cancellation was not effective because it was not attempted in strict compliance with the terms of the policy. This is not to say that the address of the policy might not be changed if properly brought to the attention of the company and a sufficient request made therefor, thereby indicating a clear intention that the insured would no longer rely upon contract with the insurer through letters mailed and to be forwarded from the address originally shown on the policy."

On the other hand, in Traders and General Insurance Co. v. Champ, 9 Cir., 225 F.2d 802, it was held that a cancellation notice mailed to the insured at the address shown in the policy, was ineffective as a cancellation as of the date specified in the notice, when the insured had given agents of the company notice by mail of her change of address and insured's father-in-law had also given such notice to an agent of the company. It was the opinion of the court that notice of the change of address to these agents was notice to the company.

■ As indicated above, the facts of the instant case are different. It seems to us that the most important and controlling facts in this case are: (1), the address shown in the policy was never changed; (2) neither the insured, nor anyone for him, made request to the Company for a change of address, nor did insured, nor anyone for him, give the Company any notice of change of address; and (3) while the Company, of its own volition, correctly ascertained that, as of January 21, 1954, insured would be dropped from the rolls at Hill Air Force Base, Utah, and taken up on the rolls at Langley Field, Virginia, it failed to find out, although it would seem that the information was available, that the insured was not required to be at Langley Field until February 18, 1955, fifteen days after the date on which the Company sought to effect cancellation. Under these circumstances, we have no doubt that the Company's notice of can-

cellation, mailed to an address which had not yet become the address of the insured and which was never received by him, was ineffective on February 4, 1955, the date of the accident which is the basis of this action. It follows that the judgment entered by the lower court is

Affirmed.