Calvin L. PARTIN, Appellant,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.

Court of Appeals of Kentucky.

May 29, 1964.

O. Grant Bruton, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for appellant.

Louis N. Garlove, Morris & Garlove, Louisville, for appellee.

PALMORE, Judge.

Appellant, Col. C. L. Partin, had a policy of automobile liability insurance with appellee, United Services Automobile Association, hereinafter called the company. Following an accident which occurred on October 10, 1958, he was sued for damages and the company refused to defend him, contending that the policy had been cancelled and was not in force at the time of the accident. Col. Partin paid off the claims against him and then brought this suit against the company for the amounts so paid and for expenses necessarily incurred by him in that connection.

The facts are essentially undisputed. The appeal is from a summary judgment for the company. It is our conclusion that a summary judgment should have been entered in favor of the appellant.

The company caters to members of the military service. During 1958 Col. Partin, an army officer, was stationed in Louisville but was making periodic trips to his farm near Bardwell, Kentucky, to which he planned to retire early in 1959. He had authorized the company to renew his automobile insurance from year to year. Pursuant to this authorization, in July of 1958 the company issued him a renewal policy for the year June 17, 1958, to June 17, 1959, covering the Ford automobile that later figured in the collision of October 10, 1958.

Being a little tardy in remitting the premium, and the company having notified him that the policy would be cancelled unless the premium was received by September 17, 1958, on September 5, 1958, Col. Partin wrote the company as follows:

"I enclose my check in the amount of $38.36 to pay the annual premium on my Ford Station Wagon in continuance of, the policy now recorded in your files.

"I apologize for the neglct [sic] and oversight in caring for this matter. The reason is that the car has not been operated since 1 Jan 58 and I am not sure when it will be again.

"Please note the change in my address from:

"c/o Hq. Ky. Mil. Dist.,
Nichols and Manslick,
Louisville, 15, Ky.

"To: Bardwell, Ky."

By a form letter dated September 15, 1958, the company acknowledged receipt of the premium and advised that the policy remained in force without lapse. Then, on September 17, 1958, it sent Col. Partin a "USAUTOGRAM" as follows:

"We note from your letter dated 5 Sept 1958, that you are not operating your 1950 Ford. If you desire to have the policy cancelled, we will do so at your request, and issue a new policy postmarked time any later date you advise us to do so. Provided you are still eligible for insurance."

The critical document in the controversy is Col. Partin's responsive letter sent from Bardwell on September 30, 1958, which contained the following (emphasis ours):

"The car has not been operated since 1 January 58. It is likely that I will have to put it into operation sometime in November.

"*If it is possible and permissible to start my policy effective 1 November 58* I would appreciate it, but, under no circumstance to [sic] I wish to compromise my standing with United Services.

"This late reply is due to the fact that my permanent address in your files is the one to which I will retire in the spring and which I visit now only about every two weeks."

Under date of October 3, 1958, the company sent Col. Partin the following form letter:

"We acknowledge your instructions to cancel all insurance under policy # 17 31 85–3 covering your 1950 Ford. The coverage was cancelled at 12:01 A.M., Sept. 6, 1958. Credit due you for this transaction is being calculated."

On the same date the company issued to Col. Partin a binder advising that his car was being insured for one year effective November 1, 1958, and setting forth the coverage, which was the same as that provided under the previous policy.

The foregoing communications were addressed to Col. Partin at Bardwell, but as he was then in Louisville they did not reach him until October 13, 1958, three days after the accident.

The policy contained a provision entitling the company to cancel it by mailing written notice specifying an effective date of cancellation not less than ten days thereafter. However, the designated effective date of the purported cancellation in this instance was less than ten days after the mailing of the notice, and it is not contended that this provision applied.

The apparent basis of the judgment for the company was that the policy was cancelled at the request of the insured, as authorized by the following provision:

"This policy may be cancelled by the insured named in Item 1 of the declarations by surrender thereof to the Company or by mailing to the Company written notice stating when thereafter the cancellation shall be effective * * Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender or unearned premium is not a condition of cancellation."

This case has been ably briefed, and there is little or no real difference between the

parties with respect to the basic principles of law involved. The only question is whether, in view of the information given him by the company's USAUTOGRAM of September 17, 1958, suggesting a cancellation and renewal, Col. Partin's letter of September 30, 1958, can reasonably be construed as a request that the old policy be cancelled without further notice and a new one issued as of November 1, 1958. That, of course, is what the company actually and in good faith took it to mean. Nevertheless, had the exchange of correspondence been carefully considered by its representatives, we think they could not justifiably have reached such a conclusion.

The substance of Col. Partin's contention, as he testified in a discovery deposition, is that the purpose of his letter was to ascertain whether November 1 could be substituted for June 17 as the effective date of his insurance coverage, and that he did not intend merely "to suspend premiums for a very short period of time."

 "A cancellation provision not infrequently found in liability insurance policies is to the effect that the policy may be cancelled by the insured by mailing to the insurer written notice stating 'when thereafter such cancellation shall be effective.' Generally speaking, a notice, in order to comply with such cancellation provision must under all circumstances contain a definite date on which this cancellation shall become effective." 29 Am.Jur. 751 (Insurance, § 402); Suennen v. Evrard, 254 Wis. 565, 36 N.W.2d 685, 8 A.L.R.2d 200 (1949). The company would avoid this principle on the theory that Col. Partin's letter was tantamount to an immediate cancellation, or at least a request therefor. However, an equally applicable principle is that a notice of or request for cancellation must be unequivocal. General Accident Fire & Life Assur. Corporation v. Lee, 165 Ky. 710, 178 S.W. 1025 (1915).

The words, *"If it is possible and permissible* to start my policy effective 1 November 58," in Col. Partin's letter of September 30, 1958, refute the interpretation that he was acceding to the USAUTOGRAM suggestion that the policy be cancelled and a new one issued. Having been expressly so advised, he already knew that could be done, and thus could not have been doubtful as to whether a cancellation and renewal was "possible and permissible." Hence it is obvious that he had something else in mind. Certainly there was no indication on his part that the policy was to be cancelled as of a current or recent date, and without such an indication there was neither an effective cancellation by him under the terms of the contract nor any basis on which it could be found that there was ever a meeting of the minds between the parties to the effect that the policy would be cancelled as of the time stated in the company's notice of October 3, 1958.

The cause is reversed with directions that a summary judgment be entered in favor of appellant.