MARTENS *v.* MARTENS.

[Cite as Martens v. Martens, 8 Ohio Misc. 178.]

(No. 66724—Decided May 19, 1966.)

Common Pleas Court of Lucas County.

*Messrs. Winchester & Douglas*, for plaintiff.
*Mr. Max Britz*, for defendant.

WARREN, J.  Plaintiff, wife, a minor, aged 17, by her mother and next friend, brought this action for divorce against her minor husband, aged 19.

Plaintiff alleges that she is pregnant and that the date of birth of the child will be about August 19, 1966.

Plaintiff also filed a motion for temporary alimony, and the minor defendant and his mother were legally served with summons, together with copy of the petition, on April 22, 1966, and on April 30, 1966, respectively.

Plaintiff's motion for temporary alimony came on for hearing on May 12, 1966, and defendant not appearing, a default entry was taken in the amount of $50.00 per week, commencing forthwith, and to pay doctor and hospital bills resulting from the pregnancy.

On May 16, 1966, defendant's mother filed an answer in behalf of defendant, admitting residence and the marriage, and denying all other allegations of the petition.

On May 16, 1966, defendant's counsel filed a motion to vacate the default entry of May 12, 1966.

On May 19, 1966, after hearing, defendant was ordered to pay $30.00 per week temporary alimony, commencing as of May 12, 1966, and to pay doctor and hospital bills resulting from the pregnancy.

On May 19, 1966, defendant filed motion for rehearing on the grounds that the award was excessive, that no guardian ad litem had been appointed, and that the attorney for defendant was not permitted to cross-examine plaintiff's mother.

On May 19, 1966, being more than 20 days after service of summons on defendant, plaintiff's counsel made application for appointment of a guardian ad litem for defendant, and pursuant thereto the court did appoint Kathleen L. Renz, an employee in the office of plaintiff's counsel, as guardian ad litem, who on said date filed her answer as guardian ad litem.

It is undisputed by the pleadings that the parties entered into a marriage contract on November 18, 1965, and defendant's

mother in her answer filed herein, admits the marriage. Defendant husband is employed at Libbey Owens Ford Glass Company, and earns an average gross wage of $150.00 per week.

It is the duty of the husband to support his wife, Section 3103.03, Revised Code, provides:

"The husband must support himself, his wife and his minor children out of his property or by his labor. * * *"

In 28 Ohio Jurisprudence 2d, *Husband and Wife*, at page 154, the foregoing section of the Code is discussed:

"The above statute in imposing the duty of support upon the husband is declaratory of the common law. The husband's duty of support is the primary one, and he is obliged to supply his wife with necessaries and to support her in a manner suitable to his condition and station in life during the existence of the marriage relation. He must provide his family with a suitable home and pay the expenses incident to maintenance of the home. * * * His duty is to provide present support rather than future security. * * *"

The minor husband is legally bound to support his wife by an obligation imposed by law.

In 28 Ohio Jurisprudence 2d, *Infants*, at page 553, it is stated that:

"It is a well-recognized principle of law that an infant is bound by and cannot disaffirm an obligation imposed by law."

Section 2307.16, Revised Code, provides:

"In an action against an infant, his defense must be by a guardian for the suit, who may be appointed by the court in which it is being prosecuted or by a probate judge."

Section 2307.17, Revised Code, provides:

"If an infant, who is fourteen years of age or over, applies for a guardian within twenty days after the summons in an action is returned, or a service by publication, the appointment may be made upon his application. When he is under that age, or neglects so to apply, on application by a friend of his, or of the plaintiff, it may be made, but not until after service as provided in this section."

Section 2309.20, Revised Code, provides:

"The answer of a guardian of an infant, or a guardian or trustee of a person of unsound mind, or a trustee for persons not yet born, or of an attorney for a person in prison,

shall deny all the material allegations of the petition prejudicial to such defendant.''

By the terms of Section 2307.17, Revised Code, a minor over fourteen years of age has the right to apply for a guardian ad litem any time within twenty days after the summons is returned. After the twenty-day period has elapsed, if defendant has failed to apply, plaintiff may apply for a guardian ad litem for defendant.

Having failed within the twenty days to seek appointment of a guardian ad litem for defendant, counsel for defendant cannot complain of the appointment of a guardian ad litem on application of plaintiff. However, on proper motion, defendant is entitled to have appointed a guardian ad litem who is entirely disinterested in plaintiff's side of the litigation. The present guardian ad litem will continue until proper steps are taken to replace her.

In *Combs* v. *Combs*, 94 Ohio App. 409, in which judgment for divorce was granted where no guardian ad litem was appointed for minor defendant, the court held the judgment erroneous.

In *Ritzler* v. *Eckleberry*, 167 Ohio St. 439, no guardian ad litem was appointed for minor defendant until both parties rested and before verdict of the jury, and when there was no showing that the interest of the minor was harmed or damaged by the delay of such appointment, it was held that no prejudicial error was committed.

In *Long* v. *Mulford*, 17 Ohio St. 484, the rule is laid down that the appointment of a guardian ad litem is not merely a matter of form and that a suit against an infant cannot be prosecuted without such guardian ad litem and that the object of the requirement is to secure to the infant a proper defense.

However, in 28 Ohio Jurisprudence 2d, Section 50, page 596, it is stated that:

''* * * the appointment of such a guardian for an infant is a matter of procedure and not of jurisdiction. * * *''

In *Robinson* v. *Gatch*, 40 O. O. 345, it was held that failure to appoint a guardian ad litem for a minor defendant renders the judgment erroneous as against the minor, but not void.

And in *Johnson, Gdn.,* v. *Pomeroy*, 31 Ohio St. 247, it was

held that failure to appoint a guardian ad litem is a mere matter of procedure and not one of jurisdiction and not absolutely void, but voidable only.

The court cannot proceed to final hearing of a cause without first appointing a guardian ad litem for the minor defendant.

However, as in the instant case, where plaintiff alleged that she is pregnant and the birth of the child is imminent, and where she has filed a motion for temporary alimony, if the appointment of a guardian ad litem were necessary before temporary alimony is awarded her, she would be required to wait twenty days after service of process before her counsel could apply, and would be deprived of support during this time.

The duty of the minor to support the wife and minor children is paramount and continuous and cannot be suspended, in effect, by the provision of Section 2307.17, Revised Code, which provides that a minor over fourteen years of age may apply at any time within twenty days for the appointment of a guardian ad litem.

The court finds that the minor defendant, by virtue of Section 3103.03, Revised Code, is liable for temporary alimony and child support, and that the court may award the same upon hearing immediately after the filing of plaintiff's petition and valid and proper service of summons thereon, whether or not a guardian ad litem has as yet been appointed for him.

The motion for rehearing is overruled. Exceptions allowed defendant. See journal entry.

*Motion overruled.*