Llewellyn F. ROBBINS, Appellant,

v.

SOUTHERN GENERAL INSURANCE COMPANY, a Georgia Corporation, Garnishee of David Tonic, Jr., Appellee.

No. 4096.

District of Columbia Court of Appeals.

Argued Feb. 5, 1968.

Decided June 25, 1968.

Joseph Zitomer, Silver Springs, Md., for appellant.

Laurence T. Scott, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge:

Mrs. Robbins, appellant here, obtained a judgment for $5,500 against David Tonic on account of personal injuries she suffered by reason of Tonic's negligent operation of his automobile. Being unable to collect from Tonic, Mrs. Robbins brought this garnishment proceeding against Southern General Insurance Company, claiming that at the time of the accident there was in force an automobile liability insurance policy issued by the insurance company to Tonic. The insurance company admitted it had issued a policy to Tonic but asserted that the policy had been canceled prior to the accident. The case was submitted to a jury which found in favor of the insurance company.

The policy, dated January 17, 1964, was written for a six month term. It was delivered in the District of Columbia to Tonic, a resident of Maryland, to enable him to obtain Maryland registration tags, and the policy carried a Maryland address for Tonic furnished by him. Tonic paid a part of the premium when he received the policy and agreed to pay the balance in four monthly payments. According to the testimony for the insurance company Tonic failed to make the payment due February 17 and on February 21 it mailed notice to Tonic that the policy would be canceled as of March 2. The accident occurred on March 11.

The policy contained the following cancellation provision:

18. Cancelation: This policy may be canceled by the named insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancelation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

■ The issue at trial was whether prior to the accident the policy had been legally and effectively canceled. This issue raised several questions. First, was the notice of cancellation mailed? There was ample evidence to support a finding that the notice was mailed.

■ The second question was whether the notice was mailed to the proper address? As stated before, Tonic when applying for his policy gave a Maryland address and that address appeared on the policy. But the notice of cancellation was mailed to a District of Columbia address. There was evidence by the insurance company that Tonic had notified the company of a change of address and that the notice was sent to the new address. Tonic admitted that the District of Columbia address was that of his brother and that after leaving Maryland he lived at the address with his brother, but he denied giving the company a change

of address, denied receiving the notice, and claimed that when the notice was mailed he was still living at the Maryland address. The question of whether Tónic gave the insurance company a change of address was properly submitted to the jury.[1]

The jury's verdict established that Tonic gave a change of address and that the cancellation notice was mailed to that address.

The majority rule is that mailing notice of cancellation in accordance with the provisions of the policy will effectively terminate the policy, and proof of actual receipt of the notice by the insured is not required. It is also the majority rule that if the insurer is notified by the insured of a change of address, the insurer not only may but must send notice of cancellation to the new or changed adress, and such mailing is effective without proof of actual receipt.[2]

Appellant urges us to rule that when the notice is sent to an address other than the one stated in the policy, even though the insured has given a change of address, the notice is effective only on proof of actual receipt by the insured. Appellant relies upon Columbia Casualty Company v. Wright, 235 F.2d 462 (4th Cir. 1956), but that case does not support appellant's contention. It was there specifically pointed out that "neither the insured, nor anyone for him, made request to the Company for a change of address, nor did insured, nor anyone for him, give the Company any notice of change of address;"[3] and it was held that where the

Company sent notice to an address which was neither stated in the policy nor furnished by the insured, actual receipt was essential to effective cancellation. Clearly that is not the case here.

Appellant also claims that even if the notice was properly mailed and actual receipt was not essential, nevertheless the notice was ineffective because the policy required the notice to state when not less than ten days thereafter the cancellation would be effective, and here the notice mailed February 21, 1964, stated cancellation would take effect March 2 at 12:01 a.m. By usual computation of omitting the day of mailing, it is clear that the notice was one day short of the required ten days.[4] The insurance company concedes this but argues that by weight of authority, a notice though defective in point of time, will be effective after the lapse of the full time prescribed in the policy.[5]

Appellant urges us to apply the law of Maryland because the policy was delivered to a resident of Maryland to cover an automobile registered in Maryland, and appellant cites two early Maryland cases,[6] which she says hold contrary to the general rule. These two Maryland cases were distinguished by the 4th Circuit in a case arising in Maryland, and the general rule was applied. See Seaboard Mut. Casualty Co. v. Profit, 108 F.2d 597 (4th Cir. 1940).[7]

Finding no error, the judgment is

Affirmed.

---

1. Much time at trial was spent by both parties in trying to prove or disprove that a dwelling existed at the Maryland address or whether such an address ever existed. In the end the trial court properly ruled that Tonic was entitled to give the company any mailing address he chose, and that the question for the jury was whether after giving a Maryland address, he later specified the District of Columbia address as his mailing address.

2. Annot., 63 A.L.R.2d 570.

3. 235 F.2d at 465.

4. 1964 was a leap year.

5. Annot., 96 A.L.R.2d 286.

6. German Union Fire Ins. Co. of Baltimore v. Fred G. Clarke Co., 116 Md. 622, 82 A. 974 (1911); American Fire Ins. Co. v. Brooks, 83 Md. 22, 34 A. 373 (1896).

7. See also McFarland v. Farm Bureau Mut. Automobile Ins. Co., 201 Md. 241, 93 A.2d 551, 556 (1953).