**William P. KOPKE and Marguerite A. Kopke, Plaintiffs,**

v.

**Matthew MILLER, Waidelich & Associates, Inc., and Tower Insurance Company, Inc., Defendants.**

**Civ. A. No. 84–C–1149.**

United States District Court, E.D. Wisconsin.

July 2, 1985.

---

Howard M. Lang, Robert J. Long, Libertyville, Ill., for plaintiffs.

Charles H. Bohl, Milwaukee, Wis., for defendant Waidelich & Assoc.

Ned J. Czajkowski, Milwaukee, Wis., for defendant Tower Ins.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The issue before the Court in this diversity action is the plaintiffs' motion for partial summary judgment on Count IV of the complaint, which alleges that defendant Tower Insurance Company, Inc. ("Tower") is liable to the plaintiffs on an insurance policy covering a dwelling in Antigo, Wisconsin, which was destroyed by fire on January 10, 1984. The essential facts necessary to determine Tower's liability to the plaintiffs on the policy are not in dispute.

Tower admits in its answer to the complaint that the insurance policy covering the Antigo property, which was initially issued to the plaintiffs, remained in full force and effect at the time of the fire, but alleges that the policy was amended effective September 23, 1983, by deleting William P. Kopke and substituting defendant Matthew Miller as the named insured. As a result of this amendment, Tower denied the plaintiffs' claim for loss under the policy. The plaintiffs argue that Tower's amendment of the policy amounted to an actual or constructive cancellation of the policy as to the plaintiffs, and that Tower failed to comply with the policy provisions requiring written notice of cancellation.

Tower states that the policy was amended at the request of plaintiff Marguerite Kopke who phoned an employee of defendant insurance agent Waidelich & Associates, Inc. in September of 1983 and stated:

"(T)hat the covered residence was being sold through a land contract sale on September 24, 1983 to a Matthew Miller; that Mr. Miller wanted to retain Waidelich & Tower to secure his appropriate insurance coverage on the property, and that he would be contacting Waidelich to this effect prior to the sale; that upon the advice of their counsel, Jerry McCormack, she was by way of said phone call notifying Waidelich of said sale so that Waidelich could take the appropriate steps to see to it that coverage would be appropriately placed. Waidelich's agent indicated that she would relay the message to the appropriate Waidelich employee. Plaintiff Marguerite A. Kopke asked if there was anything further she and her spouse needed to do. Waidelich's agent indicated that there wasn't."

Plaintiffs' answer to interrogatory No. 1.e. (After the Court notified the parties that the initial motion for judgment on the pleadings would be treated as one for summary judgment and invited additional submissions, Tower reserved the right to file Marguerite Kopke's deposition transcript, but subsequently notified the Court that the transcript would not be filed.)

It is undisputed that the policy provisions requiring written notice of cancellation by the insured or the insurer were not complied with, and that no premiums were refunded to the plaintiffs. Cancellation provisions in insurance contracts must be strictly complied with. *Suennen v. Evrard*, 254 Wis. 565, 36 N.W.2d 685 (1949) (insured's written notice of cancellation was ineffective for failure to indicate effective date). In this case, however, the insurance policy was not cancelled in the sense of termination prior to the end of the policy period, *Peterson v. Truck Insurance Exchange*, 65 Wis.2d 542, 223 N.W.2d 579 (1974), since it remained in full effect after the amendment. Nor was the policy unilaterally amended as in *Schlosser v. Allis-*

*Chalmers Corp.*, 86 Wis.2d 226, 271 N.W.2d 879 (1978), since the plaintiffs arguably requested a modification of the policy.

 There are no provisions in the policy governing amendments as alleged herein. The effect of amending the policy to make Miller the named insured, however, is the same as an assignment of the policy from the plaintiffs to Miller. The clause governing assignment of the policy does not require written notice of intent by the insured, but it does state that: "Assignment of this policy shall not be valid unless we give our written consent." Section I(7) page 12. It is not necessary for purposes of deciding this motion to resolve the factual question of whether Marguerite Kopke requested an assignment of the policy in the September 1983 phone call, since it is undisputed that Tower never gave the plaintiffs written consent. As a result, the assignment was ineffective as a matter of law and the policy remained in effect with William P. Kopke as the named insured.

■ Tower contends that summary judgment is inappropriate at this stage of the proceedings, since it has asserted various affirmative defenses and cross-claims in its answer. Only the issue of whether Count IV states a claim for relief is relevant to this motion, and it is clear that it does state a claim for breach of the insurance contract. The remaining defenses relate to the plaintiffs' damages which must be proved at trial in any event, and the issues surrounding Tower's claim for contribution from its co-defendants has no effect on its liability to the plaintiffs under the terms of the policy. Consequently, the plaintiffs are entitled to summary judgment on Tower's liability under the insurance policy. This decision leaves open the question of whether Tower's actions constitute bad faith as alleged in ¶ 24 of Count IV.

■ One other matter remains for discussion concerning the status of defendant Matthew Miller. Both plaintiffs and Tower have asserted claims against Miller. The file contains no proof of service on this defendant and he has not answered or otherwise appeared in this action. More than 6 months have elapsed since the claims against Miller were filed. Consequently, all claims against defendant Miller will be dismissed without prejudice twenty days from the entry of this order pursuant to Fed.R.Civ.P. 4(j) and Local Rule 10.01 unless good cause for the failure to obtain service is demonstrated before that time.

IT IS THEREFORE ORDERED that the plaintiffs' motion for partial summary judgment is granted.

IT IS FURTHER ORDERED that all claims against defendant Matthew Miller are dismissed without prejudice effective twenty days from the entry of this order.