Ethelene **RIDDICK**, Appellant,

v.

**STATE CAPITAL INSURANCE COMPA-NY, a corporation, Appellee.**

**No. 7902.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 15, 1959.

Decided Nov. 4, 1959.

Louis B. Fine and Howard I. Legum, Norfolk, Va. (Fine, Fine, Legum, Wein-

---

2. Standard Oil Company v. Standard Oil Company, 10 Cir., 252 F.2d 65, 72.

3. 42 U.S.C.A. § 1983.

berg & Schwan, Norfolk, Va., on brief), for appellant.

E. Ballard Baker, Richmond, Va. (*Wicker, Baker & Goddin, Richmond, Va.*, on brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

HAYNSWORTH, Circuit Judge.

The question is whether an automobile liability policy was effectively cancelled by the insurer. The question was submitted to a jury, which found that it was. The claimant has appealed on the ground that she was entitled to judgment as a matter of law. We do not think so.

The insurer issued an automobile liability policy to William F. Moore of Hickory, Virginia. In the declarations under the heading, "Named Insured and Address," there appears the following:

"William F. Moore
Route 2, Box 88
Hickory, Norfolk County, Virginia"

In the cancellation clause, the policy provides:

" * * * This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancelation stated in the notice shall become the end of the policy period. * * * "

A notice of cancellation was mailed at Norfolk by registered mail to William F. Moore, addressed to him at Route 2, Box 88, Hickory, Virginia. This is proven by a receipt of the Post Office Department at Norfolk. The mailing complied with the requirements of § 38.1–381.1 of the Code of Virginia of 1950.

The Assistant Postmaster at Norfolk testified that Moore's correct address was Route 2, Box 88, Hickory, Virginia. He testified that there is an established post office at Hickory, a town in Norfolk County, and there is no other post office having that or a similar name in the State of Virginia. Mail is dispatched daily from the post office in Norfolk to the post office at Hickory.

Moore denied that he had received the cancellation notice, but admitted receipt of a check for a premium refund later addressed to him just as was the cancellation notice. Though Moore had the benefit of advice of his counsel, he made no claim for reimbursement of the hospital and medical expense incurred by him, for which coverage was provided in the policy if it was not effectively cancelled.

Moore was involved in an accident in the interim between the date specified in the notice for termination of the coverage and Moore's receipt of the check for the premium refund. The plaintiff here obtained a judgment against him for damages on account of injuries sustained in the accident and then brought this action to recover the amount of the judgment from the insurer.

The District Court submitted to a jury the question of whether the mailing of the notice of cancellation was in strict compliance with the terms of the policy, and the further question of whether Moore actually received the notice. The jury brought in a general verdict for the insurance company, and it is from the judgment entered upon that verdict that the claimant has brought this appeal.

■ We think the question of whether the mailing of the cancellation notice complied with the requirements of the policy was one of law which should have been decided by the court, rather than a jury, but we think the correct answer is in agreement with the general conclusion of the jury.

■ The cancellation notice here complies in all respects with the requirements of the policy, so that, if properly addressed, its mailing effectively cancelled the insurance coverage as of the date specified in the notice. This is true

whether or not the assured actually received the notice and despite the fact he had not then received the refund of the unearned premium.[1]

Clearly a mailing misaddressed cannot itself, without proof of actual receipt, effectively terminate the coverage. Under the law of Virginia, insurers, who depend upon such mailings to cancel their coverages, are properly required to comply strictly with the conditions stipulated in the policy when they exercise the right of cancellation.[2]

The rule requires that the insurance company address the notice of cancellation to the insured at the address stipulated in the policy, without omission of anything which is essential or appropriate to a correct and complete address. This, the company did here. The correct and complete address shown in the declarations is the route and box number, the name of the post office and the state, all of which were correctly set forth upon the envelope containing the notice of cancellation. The declarations also showed the county in which the post office was located, but that is not a part of insured's mailing address. Perhaps it was inserted in the declarations for the company's rating and statistical purposes, but with respect to the insured's mailing address, it clearly was surplusage. If the declarations contained symbols, or other matter, extraneous to the name and address of the insured, no good reason appears why the insurance company must place them upon an envelope containing a notice of cancellation so long as the envelope correctly bears the insured's name and his complete and proper address as disclosed in the declarations. Since the address used is complete and proper without reference to the county in which the post office is located, the notice of cancellation was mailed in strict compliance with the policy provision. Duff v. Secured Fire & Marine Ins. Co., Tex.Civ. App., 227 S.W.2d 257.

In the Duff case it appeared that the policy form, as here, called for disclosure of the street address, the town or city, the county, and the state. These declarations were filled in by showing "47th Bomb Group," as the street number, "Biggs Field," as the street, "El Paso," as the town or city, "El Paso," as the county, and "Texas" as the state. A notice of cancellation was addressed to the assured at "47th Bomb Gp., Biggs Field, Texas." The testimony showed that Biggs Field is a post office in El Paso County. The court there recognized that substantial compliance with the policy provisions is not enough, but concluded that the notice of cancellation was made in strict compliance with the requirements of the policy. The court pointed out that mail is sent to the post office and that disclosure of the county in which it is located would add nothing to the address nor would it lend any support to assurance that the notice would be delivered to the assured in due course. Here we have the identical situation. Mail is sent daily from the post office in Norfolk to the post office in Hickory. Disclosure upon the envelope that the post office of the addressee was located in Norfolk County would have added nothing to the address, nor would it have assisted in any way in procuring the prompt delivery of the envelope to the addressee.

Since it appears that the address of the assured, as disclosed in the declarations, was completely and accurately placed upon the envelope in which the notice of cancellation was mailed by registered mail, we think the District Court should have directed a verdict for the defendant. Since the question was submitted to a jury and the jury brought in a verdict for the defendant upon which judgment was entered, the judgment below will be affirmed.

Affirmed.

---

1. Ampy v. Metropolitan Casualty Ins. Co. of N. Y., 200 Va. 396, 105 S.E.2d 839. See also Columbia Casualty Company v. Wright, 4 Cir., 235 F.2d 462, 63 A.L.R. 2d 564.

2. Wolonter v. United States Casualty Co., 126 Va. 156, 101 S.E. 58.