■ In the Matter of LEATHERBY INSURANCE COMPANY, Respondent, v DOUGLAS F. SCOTT et al., Respondents, and ROYAL GLOBE INSURANCE COMPANY, Appellant.—Judgment, Supreme Court, Bronx County, entered May 19, 1975, granting a permanent stay of arbitration and ordering appellant, Royal Globe Insurance Company (appellant), "to take over the defense of the action of Douglas F. Scott and James Johnson arising out of an automobile accident on December 21, 1971", unanimously reversed, on the law, judgment vacated, and the motion to stay arbitration is denied. Appellant shall recover of petitioner-respondent $40 costs and disbursements of this appeal. On December 21, 1971, an accident occurred involving a car owned by Yonk Car Service, Inc. (Yonk), upon which a liability policy had been issued by appellant, effective December 31, 1970, with a normal termination date of December 31, 1971. Claimants Scott and Johnson were passengers in the second vehicle owned by Joseph Brown and insured by Leatherby Insurance Company (Leatherby). In a suit for damages for personal injuries against Yonk the summons and other papers served upon appellant were returned to counsel for the claimants with the advice that Yonk's policy was cancelled on October 20, 1971. Claimants then sought arbitration against Leatherby. Leatherby sought a stay of arbitration on the ground that there was no proper cancellation by appellant of the policy issued to Yonk. Special Term granted a stay until the validity of appellant's disclaimer and the issue of "uninsured vehicle" was resolved upon a trial. At the hearing, appellant introduced documentary evidence that the Department of Motor Vehicles received a copy of the termination notice addressed to Yonk on September 30, 1971, which notice was effective October 20, 1971. It also introduced in evidence the envelope, containing the termination notice and addressed to Yonk at its last known address of record, which was postmarked September 28, 1971 and stamped by the post office and returned to appellant, indicating that Yonk had moved. No evidence to the contrary was presented at the hearing. Appellant established full compliance with the requirements of section 167-a (subd [7], par [b]) of the Insurance Law and

subdivision 1 of section 313 of the Vehicle and Traffic Law, which only require that the notice of cancellation or termination be mailed to the named insured at the address shown on the policy at least 20 days prior to the effective date of cancellation. It is not within the court's province to read additional obligations into the unambiguous language of the statute. The trial court also erred in going beyond the scope of the reference in directing appellant to take over the defense of claimant's action, and failed to comply with the requirements of CPLR 4213 (subd [b]). However, since we are denying a stay of arbitration for the reasons hereinbefore stated, we do not premise our determination upon the additional errors cited. Concur—Stevens, P. J., Murphy, Burns, Capozzoli and Nunez, JJ.