## Richmond

## PEERLESS INSURANCE COMPANY V. ASSOCIATES FINANCIAL SERVICES OF AMERICA, INC.

March 3, 1978.

Record No. 770056.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Albert D. Bugg, Jr. (Sands, Anderson & Marks,* on brief), for plaintiff in error.

*Donald R. Skinker (Pribble & Skinker,* on brief), for defendant in error.

HARMAN, J., delivered the opinion of the Court.

This action was instituted by Associates Financial Services of America, Inc. (Associates), the "loss payee" under an automobile insurance policy issued to Alvis Wayne Adair (Adair), against the insurer, Peerless Insurance Company (Peerless). After a bench trial, the trial court awarded judgment to Associates for $1500.04, the full amount of its claim, and Peerless appealed.

The facts have been stipulated. Adair was the owner of a 1973 Dodge automobile which was severely damaged in a collision with another vehicle on November 16, 1975. On the date of this accident, Adair was indebted to Associates for $1500.04 secured by a lien on the automobile in question. Prior to the accident the car had a fair retail value of $2,512.50. The vehicle was so badly damaged in the accident that it was not economically feasible to repair it, but it had a salvage value of $255.01. Adair made no payments on his indebtedness to Associates after the accident.

Peerless, on April 23, 1975, issued its policy with attached declarations (Part B) providing Adair with comprehensive coverage against physical loss or damage to the car between that date and October 23, 1975. Associates was a "loss payee" under the policy. The premium was paid by Adair for the initial term of six months, and both Adair and Associates were furnished with copies of the policy declarations and policy which contained the following typewritten endorsement:

"It is agreed that this policy shall expire as shown in Item Two of the Declarations, except that it may be continued in force for successive policy periods by the payment of the required renewal premium in advance of each such period and the acceptance of such premium by a duly authorized representative of the company.

"Each such policy period shall be for the declared number of calendar months, and each shall begin and expire at 12:01 a.m., standard time, at the address of the named insured. The

premium shown in the policy is for the stated policy period. If renewed, the successive policy periods shall be six calendar months."

On September 26, 1975, Peerless issued and forwarded to Adair and Associates a renewal declarations sheet (Part B) of the policy for an additional term of six months, or from October 23, 1975, to April 23, 1976. The face of the declarations sheet shows the "amount due" for premiums to be "$124.00" and the "due date" to be "10/23/75". Since the renewal premium had not been received by October 23, 1975, Peerless, on that date, forwarded by first class mail to Adair, but not to Associates, a "Notice of Lapse" which reads as follows:

"Your policy terminated on the date due shown below. However, receipt of your payment by the Company postmarked within 10 days of the date due will assure continuation of coverage.

\* \* \*

"Policy Number: 23P 88 27 19
"Date Due: 10/23/75
"Amount Due: $124.00
"Alvis Wayne Adair
"Rt. 3, Box 513B
"Fredericksburg, Va. 22401"

\* \* \*

Adair did not respond to this notice and the renewal premium was never paid. On November 17, 1975, Peerless sent by first class mail addressed to both Adair and Associates a "Notice of Cancellation or Termination of Coverage" reading as follows:

"Peerless Insurance Company
"Keene, New Hampshire

"Hereby gives notice of the cancellation or termination of coverage of your interest under its Policy No. 23P 88 27 19 as of 12:01 A.M. 10/23/75."

Associates received this notice on November 21, 1975.

In its brief and at argument Associates conceded that the only real issue here is whether a loss payee under a policy providing

comprehensive coverage against physical loss or damage is entitled to notice of termination of coverage for nonpayment of a renewal premium by the named insured. Associates says that such a notice is required. In this connection, Associates bases its notice claim on Code §§ 38.1-381.5(d)(2) and -381.5(e)(2) and not upon any provision of the policy. Peerless admits that it did not comply with these statutory notice requirements and argues the requirements relied on by Associates do not apply to the facts of this case.

■ We agree with Peerless that Associates' reliance on these statutory provisions is misplaced, for the uncontroverted facts show that this case falls within the exception contained in Code § 38.1-381.5(f)(1) which provides:

"(f) Nothing in this section shall apply:

(1) If the insurer or its agent acting on behalf of the insurer has manifested its willingness to renew by issuing or offering to issue a renewal policy, certificate or other evidence of renewal, or has manifested such intention in writing to the insured, such written manifestation shall include the name of a proposed insurer, the expiration date of the policy, the type of insurance coverage, and information regarding the estimated renewal premium;"

Here the renewal declarations sheet (Part B) of the policy mailed to Adair and Associates on September 26 constituted an offer to renew falling within the exception to the notice requirement. From the endorsement set forth earlier both Adair, the named insured, and Associates, the loss payee, were on notice that renewal was contingent upon the advance payment of the renewal premium. Neither the October 23 notice to Adair nor the November 17 notice to both Adair and Associates was required by either the statute or the contract, so these notices were mere surplusage and of no legal effect.

■ In the absence of a statute to the contrary, a policy provision making the advance payment of the premium a condition for renewal of coverage is both valid and enforceable. *Hensley* v. *Aetna Cas. & Sur. Co.*, 200 N.W.2d 552 (Iowa 1972); *Troutman* v. *Nationwide Mut. Ins. Co.*, 400 S.W.2d 215 (Ky. 1966); *Anthony* v. *National Grange Mut. Ins. Co.*, 113 N.H. 486, 309 A.2d 919 (1973).

Since Associates has pointed to no statutory or policy requirement of notice to the loss payee before termination of coverage for nonpayment of the renewal premium, and we have found none, we hold that the coverage under the policy terminated on October 23, 1975, for nonpayment of the renewal premium. Therefore, we will reverse the judgment of the trial court and will enter final judgment here for Peerless.

*Reversed and final judgment.*

COMPTON, J., concurs in result.