**DAIRYLAND INSURANCE COMPANY, a Wisconsin Corporation, Plaintiff,**

v.

**Mike COLLIER and Howard S. Claytor, Defendants.**

Civ. A. No. 77–0051(R).

United States District Court, W. D. Virginia, Roanoke Division.

July 31, 1978.

George W. Wooten, Hunter, Fox & Trabue, Roanoke, Va., for plaintiff.

Duane E. Mink, Max Jenkins, Radford, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Seeking a declaratory judgment that it is not liable under an automobile liability policy, Dairyland Insurance Company, a Wisconsin corporation, having its principal place of business in that state, brought this action naming as defendants, Mike Collier, a resident of the State of Virginia, who is claiming liability coverage pursuant to a policy of insurance issued in this state, and Howard S. Claytor, the plaintiff in a tort action in the Circuit Court of Pulaski County, in which Mr. Collier is the defendant. Jurisdiction is predicated upon diversity of citizenship and more than $10,000.00 in controversy, exclusive of interest and costs. Title 28 U.S.C. § 1332. The facts have been stipulated, and the parties are in agreement that the issues presented are whether an automobile liability policy issued for a period of less than six months is automatically converted into a policy for a term of six months and whether "notice of cancellation" was required "prior to automatic termination of the policy" in question.

On October 20, 1975, Michael Collier applied with the Dairyland Insurance Company for liability insurance to cover a 1956 Chevrolet truck from October 24, 1975, to November 24 of that year.[1] A one-month premium was paid and accepted and a policy was issued for the period requested. Prior to the policy's expiration date of November 24, 1975, Dairyland mailed Mr. Collier a renewal notice advising that an additional premium payment would have to be paid by a certain date or insurance coverage would expire on November 24. A two-month premium payment was received by Dairyland to cover a recently purchased 1969 Plymouth, and the policy was renewed to cover that vehicle for the period of November 24, 1975, to January 24, 1976. In December of 1975, that vehicle was sold, a 1969 Datsun was purchased, the policy was transferred to cover the Datsun, and collision coverage was added. On January 7, 1976, Dairyland mailed Mr. Collier a renewal notice relative to the policy covering his 1969 Datsun, indicating a premium due date of January 24, 1976, and giving him the option of paying a one-month premium of $74.00, a two-month premium of $148.00, or a three-month premium of $222.00. The notice gave Dairyland's address and stated that it must receive the premium not later than the due date and that no grace period for coverage existed. Mr. Collier received this renewal notice prior to January 24, 1976, but did not mail any premium payment to Dairyland because "he did not have the money." Subsequently, Dairyland sent him a rewrite notice stating that its policy of insurance had expired but offering to rewrite the policy effective the day after postmark of the premium payment. He continued to operate his automobile and was involved in an accident on February 16, 1976, in Pulaski County, Virginia. On or about the 22nd day of February, 1976, his mother mailed the premium payment to Dairyland, and as offered Dairyland wrote

---

1. The coverage periods, terms, and conditions of the Dairyland policies, renewal notices, and rewrite notices were approved by the Commissioner of Insurance of the Commonwealth of Virginia.

a policy effective February 23, 1976, for a one-month period to expire March 23, 1976. As his Datsun was destroyed in the February 16, 1976, accident, he wrote Dairyland advising that he no longer wished to have insurance. Pursuant to this request, therefore, Dairyland cancelled his rewritten policy and returned the unearned premium.

■ Mr. Collier contends that pursuant to Va.Code Ann. § 38.1–381.5(a)(2), which is applicable to automobile liability policies issued in this state, any policy covering a period of less than six months is converted by operation of law into a policy for six months. That section provides, in relevant part,

> that any policy with a policy period or term of less than twelve months or any policy with no fixed expiration date shall for the purpose of this section be considered as if written for successive policy periods or terms of six months from the original effective date.

But for Va.Code Ann. § 381.5(f)(1) defendants' arguments would have merit. That section, however, creates a clear exception to the provisions of subparagraph (a)(2):

> (f) Nothing in this section shall apply: (1) If the insurer or its agent acting on behalf of the insurer has manifested its willingness to renew by issuing or offering to issue a renewal policy, certificate or other evidence of renewal, or has manifested such intention in writing to the insured, such written manifestation shall include the name of a proposed insurer, the expiration date of the policy, the type of insurance coverage, and information regarding the estimated renewal premium.

As plaintiff unequivocally manifested in writing its willingness to issue a renewal policy which written manifestation included the insurer's name, the expiration date of the policy, the type of insurance coverage, and information regarding the estimated renewal premium, its actions fell squarely within the language of that section. Consequently, other provisions of the statute are inapplicable. *See Peerless Insurance Co. v. Associates Financial Services of America, Inc.*, Va., 241 S.E.2d 792 (1978).

■ Defendant states that he "relies upon Section 46.1–513.1 of the Code of Virginia" which requires notice to the Commissioner of the Division of Motor Vehicles within fifteen days of the cancellation of an automobile liability policy if the cancellation occurs within six months of its issuance. As that section was not approved by the Virginia General Assembly until March 28, 1976, and nonrenewal of the policy occurred prior to that date, it is clearly inapplicable. Its predecessor, Va.Code Ann. § 38.1–70.13, repealed 1976 Va.Acts, Ch. 259, required an insurer or his agent to report to the Commissioner of the Division of Motor Vehicles within fifteen days *any* cancellation or termination of an automobile liability policy. Assuming that the lapsing of an insurance policy for nonpayment of premium fell within the provisions of § 38.1–70.13 there was neither an express provision nor a discernible legislative intention to make ineffectual a termination where notice was not given the Commissioner. It is, therefore, both logical and reasonable to assume that violations of the section were redressable by the State Corporation Commission in its regulatory capacity and not through extension of coverage.

■ It is also contended that plaintiff failed to comply with the requirements of Va.Code Ann. §§ 38.1–380.2 and 38.1–382.1. The former requires the insurer to include in every original and renewal premium notice information concerning the purchase of additional, optional insurance coverage containing certain hospital, medical, and disability benefits for the insured and relatives who are members of his household. The latter statute requires the automobile liability insurer to include in every premium invoice information concerning the availability of additional uninsured motorist coverage. While the plaintiff was in conformity with neither of these statutes, as with its nonconformity with § 38.1–70.13, the violation is redressable by the State Corporation Commission in its regulatory capacity and not through extension of coverage, at least

**886**

under the facts of the present case where the defendant sought no coverage whatever and additional coverage is not in issue.

It is last contended by Mr. Collier that plaintiff failed to comply with Va.Code Ann. § 38.1–381.7 which requires the insurer to "provide the named insured at the time of issuance or renewal with a statement defining the rate classification of the insured." This argument is undoubtedly without merit as the statute in question was not enacted until 1977.

In accordance with the court's opinion, judgment is entered for Dairyland Insurance Company, declaring that Michael Collier had no insurance with Dairyland covering the automobile accident in which he was involved on February 16, 1976.