ALLSTATE INSURANCE COMPANY v. NATIONWIDE INSURANCE COMPANY, L. E. BOYKIN, JR., GERALDINE BOYKIN, PAUL MARTINEZ, BRIAN SAVAGE, AND FRANK ASHBURN, ADMINISTRATOR OF THE ESTATE OF STEPHANIE ASHBURN, DECEASED

No. 8510SC1331

(Filed 5 August 1986)

**1. Insurance § 95.1— automobile insurance—notice of cancellation—unambiguous provision—question for court**

A provision in an automobile insurance policy requiring that notice of cancellation be mailed to the insured's "last known address" was unambiguous, and the meaning of such provision should have been determined by the court as a question of law.

**2. Insurance § 95.1— automobile insurance—notice of cancellation to "last known address"**

An automobile liability insurer's mailing of a notice of cancellation to the last residence address provided by the insured complied with policy provisions requiring that notice of cancellation be mailed to the insured's "last known address."

APPEAL by defendant from *Barnette, Judge.* Judgment entered 15 August 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 7 May 1986.

Plaintiff brought this declaratory judgment action seeking a judicial determination of its liability on an automobile insurance policy issued to defendant L. E. Boykin, Jr. (herein Boykin) in December 1979. The car owned by defendant Boykin was involved in a collision on 3 July 1982 in Long Island, New York. Defendant Brian Savage had been driving the car at the time and was, plaintiff alleged, insured by defendant Nationwide Insurance Company. Defendants Geraldine Boykin and Paul Martinez were passengers in the automobile at the time of the accident and sustained personal injuries. Defendant Frank Ashburn is the personal representative of Stephanie Ashburn, who was also a passenger in the automobile. She was killed in the accident.

Plaintiff denied coverage on the ground that it had cancelled defendant Boykin's policy effective 27 June 1982. Defendants asserted that the cancellation was invalid. The trial court granted Nationwide's motion to dismiss on the ground that its presence in the lawsuit was not necessary to a determination of the rights and liabilities of the other parties. The remaining parties went to trial before a jury. At the close of the evidence, the trial court granted the motion of Allstate for a directed verdict on the issue

of compliance with G.S. 20-310(f), the statutory requirements for cancellation of automobile insurance. No appeal has been taken from this ruling. The issue of compliance with the cancellation provisions in the policy was submitted to the jury, which found Allstate had effectively cancelled the policy. Judgment was entered accordingly and defendants appeal. Additional facts as necessary are set out in the opinion.

    *Boyce, Mitchell, Burns and Smith, P.A., by Robert E. Smith and Susan K. Burkhart for plaintiff-appellee.*

    *Moore, Ragsdale, Liggett, Ray and Foley, P.A., by Peter M. Foley for defendant-appellant Brian Savage.*

    *Hendrick, Zotian and Cocklereece by T. Paul Hendrick for defendant-appellant Geraldine Boykin, individually and as Guardian ad Litem for defendant-appellant Paul Martinez, and defendant-appellant Frank Ashburn, Administrator of the Estate of Stephanie Ashburn, deceased.*

    *Blanchard, Tucker, Twiggs, Earls and Abrams by Donald R. Strickland for defendant-appellant L. E. Boykin, Jr.*

    PARKER, Judge.

[1]  All parties contend, and we agree, that the question of whether plaintiff complied with the contractual requirements for cancellation notice was one of law for the court to decide and should not have been submitted to the jury. *See Riddick v. State Capital Ins. Co.*, 271 F. 2d 641 (4th Cir. 1959). All parties made motions for directed verdict and all were denied. Defendants assign as error the denial of their motions for directed verdict.

    The relevant cancellation provision in the insurance policy reads as follows:

    2. We may cancel the Liability and Uninsured Motorists Coverages by mailing to the named insured shown in the Declarations at the last known address:

      a. at least 15 days notice if cancellation is for nonpayment of premium; . . .

Under the facts of this case, the crucial term in the above provision is "last known address." The trial court was of the opinion that the phrase was ambiguous, and under our relevant case law,

submitted the question to the jury for construction of an ambiguous term. *See, e.g., Root v. Allstate Ins. Co.,* 272 N.C. 580, 158 S.E. 2d 829 (1968). However, in our view, the term is unambiguous. The material facts of this case are not contested, and the issue should, therefore, have been determined by the court as a question of law. *See Kent Corp. v. City of Winston-Salem,* 272 N.C. 395, 158 S.E. 2d 563 (1968).

The facts related to the cancellation of Boykin's auto insurance policy are undisputed. Boykin purchased his first insurance policy from Allstate in December 1979. On his application for insurance, Boykin gave his mother's address where he then resided and his work address. These addresses remained in the file kept on Boykin at Allstate's offices in Charlotte after plaintiff converted its records to computer in 1981. In March 1981, Boykin had moved from the address he had originally listed in his application for insurance. Allstate was notified of the change to 1310 Glendale Avenue, Durham, N.C., and issued an endorsement confirming the change of address. This address was the one entered in the computer.

Until 1981, Boykin paid the premiums on his policy annually, at the beginning of the year. In December 1981, he received notice that his next premium payment would be only for a six-month period. Boykin paid the premium amount stated in the letter, but testified he did not realize that it was for six months only.

In April 1982, Boykin moved again, but this time, he neglected to notify Allstate. Boykin testified this failure was due to his mistaken belief that he had paid his insurance for the full year and did not immediately need to notify Allstate of the change. Boykin also testified that he did not notify the post office of his change of address, and he did not pick up any mail that might have been delivered to the old address. His new telephone number was not listed in his name.

On 4 May 1982, Allstate mailed to Boykin's Glendale Avenue address the six-month renewal notice. Boykin never received this notice, and there is no indication in the record that it was returned to Allstate. Then, on 9 June, Allstate mailed its standard Cancellation Notice to Boykin at the same address. This notice was returned to Allstate, unopened. The only effort made by Allstate to locate Boykin was to check a city phone directory. No

Allstate Insurance Co. v. Nationwide Insurance Co.

review was made of Boykin's original application on file in All-state's Charlotte offices which would have revealed the two alternative addresses originally given.

The Cancellation Notice stated that the cancellation would be effective 27 June 1982. The fatal collision occurred less than a week later, on 3 July. Allstate denied coverage, asserting that its cancellation of the policy for nonpayment of premiums had been effective prior to the accident.

In order to effectively cancel the policy of insurance, the insurer must comply with the provisions of G.S. 20-310(f), as well as the contractual provisions relating to cancellation contained in the policy. *See Perkins v. American Mut. Fire Ins. Co.*, 274 N.C. 134, 161 S.E. 2d 536 (1968). Failure to comply with these provisions negates the cancellation, and the policy remains in effect. *Id.; see also Levinson v. Travelers Indem. Co.*, 258 N.C. 672, 129 S.E. 2d 297 (1963). The issue of compliance with the statutory requirements for cancellation is not before us on this appeal. Therefore, a discussion of those requirements is not necessary.

[2]   The policy of insurance required Allstate, in order to cancel the policy, to mail notice of the forthcoming cancellation to the insured's "last known address." The law is settled that strict compliance with the conditions for cancellation is necessary in order to effect a valid cancellation of liability insurance. *See Perkins, supra; see generally* 63 A.L.R. 2d 570 (1959), and cases cited therein.

Under Boykin's former annual policy, notice was effective if mailed to "the address shown in this policy." When the policy was changed to a six-month policy, one change required notice to be mailed to the insured's "last known address." Appellant contends that this change is significant and requires more than mailing of notice to just the policy address. We disagree.

The jurisdictions are split as to what satisfies the requirement for mailing to effectively cancel the contract. 17 *Couch on Insurance* 2d § 67:174 (rev. ed. 1983). Some courts have held that when a cancellation notice is returned unopened to the insurer, and the insurer has knowledge of additional addresses for the insured, the insurer must attempt to locate the insured at those additional addresses, including business addresses, in order to ef-

fectively cancel the policy. *See Breitenbach v. Green*, 186 So. 2d 712 (La. App. 1966); *Griffin v. Gen. Acc. Fire and Life Assur. Co.*, 94 Ohio App. 403, 116 N.E. 2d 41 (1953).

Other courts, however, subscribe to the position that unless the insurer has actual notice of a change of address, mailing to the address in the policy is sufficient. For example, in *Security Ins. Co. v. Smith*, 360 So. 2d 280 (Ala. 1978), the insurer provided general liability coverage for the insured's business. The business changed addresses without notifying the insurance company. The company knew of several addresses where the insured might receive mail, but only one appeared in the policy. Notice of cancellation was mailed to that address. Later, the business at the new address was damaged by fire, and the insurance company denied coverage. The Alabama Supreme Court, holding the cancellation to be effective, said:

> Though a party may have several addresses at which he receives mail, for purposes of cancellation of an insurance policy, only one address can be considered "correct." That address is the address listed in the policy unless the insured notifies the insurer of a change of address, or unless knowledge of such *change* is attributed to the insurer. Mere knowledge of *additional addresses* at which an insured receives mail does not constitute knowledge of a change of correct address.

360 So. 2d at 283 (emphasis in original) (citations omitted). *Accord Leatherby Ins. Co. v. Scott*, 51 A.D. 2d 519, 378 N.Y.S. 2d 399 (1st Dept. 1976); *Gendron v. Calvert Fire Ins. Co.*, 47 N.M. 348, 143 P. 2d 462 (1943).

Under North Carolina law, and under the policy language contained in the policy at issue, proper mailing of the cancellation notice is all that is required to cancel the policy. G.S. 20-310(f).

Words in an insurance contract will be given their usual and ordinary meaning. "Last" is defined as "coming after all others in time"; "latest"; "most recent." *Webster's Third New International Dictionary* 1274 (1968). Giving the words their usual and ordinary meaning, we interpret the phrase "last known address" to mean the most recent mailing address known to the insurer. In the case of an individual, absent specific instructions to the contrary from the insured, the mailing address is insured's residence address, as

that is the address where individuals are most likely to receive mail. *See Brumbaugh v. Travelers Indem. Co.*, 396 S.W. 2d 740 (Mo. Ct. App. 1965). In the case at bar, insured testified that when he notified plaintiff of his change of address in 1981, he intended to receive his mail at that address. *See Robbins v. Southern General Ins. Co.*, 243 A. 2d 686 (D.C. 1968). Unless the insured had notified Allstate of his second change of address, or unless Allstate had actual knowledge of the change, mailing of the notice to the last residence address provided by insured was proper and effective.

In North Carolina the law places an affirmative duty on motorists to maintain minimum liability insurance on their vehicles. The public policy underlying this requirement is to assure availability of funds to compensate victims of highway accidents. An insured is charged with knowledge of the contents of his written insurance contract. The policy provision governing cancellation in the instant case placed insured on notice as to how the policy would be cancelled, namely, by mailing notice thereof to insured's "last known address." This Court cannot now rewrite the policy to require mailing to insured's actual address or to all possible addresses for insured. The insurance company complied with the policy requirement.

In view of our conclusions herein, it is not necessary for us to reach defendants' remaining assignments of error relating to errors in the jury instructions.

Since the determinative question was one of law rather than of fact, it was error for the trial judge to deny plaintiff's motion for directed verdict and to submit the issue to the jury. However, since the jury's verdict was consistent with our holding herein, and judgment was entered on the verdict, the judgment for plaintiff is affirmed.

Affirmed.

Judges PHILLIPS and MARTIN concur.