## CIRCUIT COURT OF THE CITY OF WINCHESTER

Nelson Lee McIntire

v.

Superior Insurance Co.

June 4, 1999

Case No. (Law) 98-209

BY JUDGE JOHN E. WETSEL, JR.

This declaratory judgment action came before the court on the parties' motions for summary judgment, which have been argued and briefed. The issue in this case is whether the Plaintiff's automobile liability insurance carrier gave the insured proper notice of its intention to renew his policy of insurance, because the insured failed to pay the renewal premium and was then involved in an accident after the policy has expired, for which the carrier has denied liability. Upon consideration whereof, the Court has decided that, if the Plaintiff was given proper notice of the opportunity to renew his automobile liability insurance policy as required by the policy and Virginia Code § 38.2-2212, then Superior's automobile liability policy was not in force on January 11, 1998.

### I. *Statement of Material Facts*

The following facts are not disputed, except as indicated.

On December 26, 1996, plaintiff purchased an automobile liability insurance policy from Superior Insurance Co. The initial policy was for a period of six months, it expired June 26, 1997, and the plaintiff renewed the policy for the period from June 27, 1997, to December 27, 1997.

In December 1997, the Plaintiff received a letter from the Harper Agency in Winchester dated December 17, 1997, advising him that sometime in the future he would be receiving a renewal offer from Superior. The Plaintiff contends that after this letter, he never received a bill, a renewal offer, or any other notices from Superior.

Superior contends that it mailed by U.S. Postage, first class, on or about December 2, 1997, a notice entitled "Personal Auto Renewal Notice of Payment Due." Defendant's Exhibit 1. The Plaintiff specifically denies receiving this notice, so this is a contested issue of fact. Assuming without deciding that the letter was sent, the issue in this case is whether the December 2, 1997, letter was sufficient notice of the policy's pending expiration, and if so, whether it was to be actually received by the insured, and whether the insurance company had to send the Plaintiff notice by certified mail of its intent to refuse to renew his policy pursuant to the provisions of Virginia Code § 38.2-2212(E).

The Plaintiff did not make a payment to renew his insurance policy when it expired on December 27, 1997.

On January 11, 1998, the Plaintiff was involved in an automobile accident. When he contacted his local agent, he alleges that he learned for the first time that his insurance had not been renewed.

The Superior policy, pages 13 and 14, provides for renewal in language tracking the provisions of Virginia Code § 38.2-2212(E) and (F):

> The company agrees that it will not refuse to renew or continue this policy unless a written notice of its refusal to renew or continue is mailed to the insured named in item 1 of the declarations, at the address shown in this policy, at least forty-five days prior to the expiration date. Notice to the insured named in item 1 shall be mailed either by certificate of mailing, provided the company has retained a copy of the notice, or by registered or certified mail, pursuant to Section 38.2-2208 of the Code of Virginia. Delivery of such written notice shall be the equivalent to mailing.
> Such Notice shall not be required:
> 1. *If the named insured fails to pay the premium as required by the company for renewal or continuance of this policy.* [Emphasis added.]

This declaratory judgment action was filed to determine whether the December 2, 1997, letter was a sufficient notice to renew to the Plaintiff, and

whether Superior's policy provided the Plaintiff coverage for the January 11, 1998, accident.

## II. *Conclusions of Law*

Summary Judgment is appropriate if there is no material fact genuinely in dispute. Supreme Court Rule 3:18; *Carson v. LeBlanc*, 245 Va. 135, 139, 427 S.E.2d 189 (1993). The only genuine issue of fact in dispute in this case is whether Superior mailed the December 2, 1997, renewal letter to the Plaintiff.

In Virginia, like most states, the insurance contract is subject to many mandatory statutory provisions. "[T]he common-law absolute right not to renew [an automobile insurance] policy upon the expiration of its term may be restricted by statute, so that an automobile insurance policy continues in force after its expiration date without a renewal, unless and until termination is given in accordance with the statute." 7 Am. Jur. 2d, *Automobile Insurance*, § 54. A Virginia driver must have insurance on his motor vehicle, Virginia Code § 46.2-435 *et seq.*, and that automobile liability insurance is subject to mandatory statutory provisions. *See* Virginia Code §§ 46.2-472 *et seq.* and §§ 38.2-2204 *et seq.*

Since Automobile liability insurance is mandatory in Virginia, the cancellation and renewal of such policies is subject to statutory notice provisions.

Virginia Code § 38.2-2212(A) defines "renewal" or "to renew" and provides as follows:

> "Cancellation" or "to cancel" means a termination of a policy during the policy period. "Renewal" or "to renew" means (i) the issuance and delivery by an insurer of a policy superseding at the end of the policy period a policy previously issued and delivered by the same insurer, providing types and limits of coverage at least equal to those contained in the policy being superseded, or (ii) the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term with types and limits of coverage at least equal to those contained in the policy.

Virginia Code § 38.2-2212(E) and (F) specifies in detail the notice required to cancel or fail to renew an automobile liability insurance policy:

E. No cancellation or refusal to renew by an insurer of a policy of motor vehicle insurance shall be effective unless the insurer delivers or mails to the named insured at the address shown in the policy a written notice of the cancellation or refusal to renew. The notice shall:

1. Be in a type size authorized under § 38.2-311.

2. State the effective date of the cancellation or refusal to renew. The effective date of cancellation or refusal to renew shall be at least forty-five days after mailing or delivering to the insured the notice of cancellation or notice of refusal to renew. However, when the policy is being canceled or not renewed for the reason set forth in subdivision 2 of subsection D of this section the effective date may be less than forty-five days but at least fifteen days from the date of mailing or delivery.

3. State the specific reason of the insurer for cancellation or refusal to renew and provide for the notification required by §§ 38.2-608, 38.2-609, and subsection B of § 38.2-610 (adverse underwriting decisions). However, those notification requirements shall not apply when the policy is being canceled or not renewed for the reason set forth in subdivision 2 of subsection D of this section.

4. Inform the insured of his right to request in writing within fifteen days of the receipt of the notice that the Commissioner review the action of the insurer.

The notice of cancellation or refusal to renew shall contain the following statement to inform the insured of such right:

IMPORTANT NOTICE

Within fifteen days of receiving this notice, you or your attorney may request in writing that the Commissioner of Insurance review this action to determine whether the insurer has complied with Virginia laws in canceling or nonrenewing your policy. If this insurer has failed to comply with the cancellation or nonrenewal laws, the Commissioner may require that your policy be reinstated. However, the Commissioner is prohibited from making underwriting judgments. If this insurer has complied with the cancellation or nonrenewal laws, the Commissioner does not have the authority to overturn this action.

5. Inform the insured of the possible availability of other insurance which may be obtained through his agent, through another insurer, or through the Virginia Automobile Insurance Plan.

6. If sent by mail, comply with the provisions of § 38.2-2208.

Nothing in this subsection prohibits any insurer or agent from including in the notice of cancellation or refusal to renew, any additional disclosure statements required by state or federal laws, or any additional information relating to the availability of other insurance.

F. Nothing in this section shall apply:

1. If the insurer or its agent acting on behalf of the insurer has manifested its willingness to renew by issuing or offering to issue a renewal policy, certificate, or other evidence of renewal, or has manifested its willingness to renew in writing to the insured. The written manifestation shall include the name of a proposed insurer, the expiration date of the policy, the type of insurance coverage, and information regarding the estimated renewal premium. The insurer shall retain a copy of each written manifestation for a period of at least one year from the expiration date of any policy that is not renewed;

2. If the named insured, or his duly constituted attorney-in-fact, has notified the insurer or its agent orally, or in writing, if the insurer requires such notification to be in writing, that he wishes the policy to be canceled or that he does not wish the policy to be renewed, or if prior to the date of expiration he fails to accept the offer of the insurer to renew the policy ....

While these statutory provisions are lengthy and rather complex, they are clear and unambiguous. If a statute is clear and unambiguous, a court will give the statute its plain meaning. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). Where the statute is clear, the court may not "resort to legislative history and extrinsic facts" to interpret words whose meaning is clear; it must "take the words as written" and give them their plain meaning. *Id.* at 321. The Virginia Supreme is very reluctant to read requirements into statutes which are not expressed. *See Makarov v. Commonwealth*, 217 Va. 381, 228 S.E.2d 573 (1971). "For this Court to place any limitation on the clear and comprehensive language of the statute, or to create an exception where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation." *Town of Crewe v. Marler*, 228 Va. 109, 114, 319 S.E.2d 748 (1984).

Virginia Code 38.2-2212(E) states in relevant part that: "No cancellation or refusal to renew by an insurer of a policy of motor vehicle insurance shall be effective unless the insurer delivers or mails to the named insured at the address shown in the policy a written notice of the cancellation or refusal to

renew ... ." " 'Refusal to renew' includes all situations where an insurer does not renew a policy for any reason at all [including failure to pay the renewal premium]." *Locke v. Allstate Ins. Co.*, 26 Va. Cir. 304 (Richmond 1992). While § 38.2-2212(E) provides that such notice of nonrenewal shall be given by registered or certified mail, subsection F of that statute creates an exemption from the certified notice requirements:

> Nothing in this section [38.2-2212] shall apply:
>
> 1. If the insurer or its agent acting on behalf of the insurer has manifested it willingness to renew by issuing or offering to issue a renewal policy, certificate, or other evidence of renewal, or has manifested its willingness to renew in writing to the insured. The written manifestation shall include the name of the proposed insurer, the expiration date of the policy, the type of insurance coverage, and information regarding the estimated renewal premium.

"Section 38.2-2212(F)(1) exempts an insurer from the [certified] notice of that section if the insurer has 'manifested its willingness to renew by issuing or offering to issue a renewal policy ... .' " *Locke v. Allstate Ins. Co.*, 26 Va. Cir. 304 (Richmond 1992).

"Unless a literal construction of a statute would result in internally conflicting provisions amounting to a 'manifest absurdity,' courts cannot construe a statute in a manner that would result in holding the legislature did not mean what it actually expressed." *Last v. Virginia State Bd. of Med.*, 14 Va. App. 906, 910, 421 S.E.2d 201, 205 (1992) (*quoting Dairyland Ins. Co. v. Sylva*, 242 Va. 191, 194, 409 S.E.2d 127, 129 (1991)). Plaintiff argues that the requirement of certified and registered mail must apply to subsection (F) as well, because unless that is the case, the notice provisions of (F) cannot be reconciled with the certified notice provisions in subsection (E). However, contrary to plaintiff's argument, the provisions are not in conflict, they are simply different because they cover different factual situations. Only subsection "E" cases require notice by certified or registered mail. While it may be rather paradoxical that a culpable party, whose insurance policy is canceled for cause, is entitled to more notice than an unwitting, guileless policy holder who does not receive or overlooks a notice of his renewal premium due and then fails to pay his premium, that is the law.

"In the absence of fraud, duress, or mutual mistake ... an individual having the capacity to understand a written document who signs it after reading it, who signs it without reading it, is bound by his signature." *First National Exchange Bank v. Johnson*, 233 Va. 254, 259 (1987); *accord*

*General Ins. of Roanoke v. Page*, 250 Va. 490, 464 S.E.2d 343 (1995); and *First National Bank — Colonial v. Masri*, 245 Va. 461, 463 (1993). In this case, the contractual provisions governing renewal are clear. As the Supreme Court ruled in *Dairyland Ins. Co. v. Douthat*, 248 Va. 627, 630-31, 449 S.E.2d (1994):

> [I]nsurance policies are contracts whose terms are construed in accordance with the general principles applicable to all contracts. *Allstate Ins. Co. v. Eaton*, 248 Va. 246, —, — S.E.2d —, — (1994); *State Farm Fire & Casualty Co. v. Walton*, 244 Va. 498, 502, 423 S.E.2d 188, 191 (1992). If the terms of an insurance policy do not conflict with any provision of law, the terms of the contract, as written, will govern and limit the extent of recovery under the policy. *See Eaton*, 248 Va. at —, — S.E.2d at —; *Peerless Ins. Co. v. Associates Fin. Servs. of America, Inc.*, 218 Va. 876, 879, 241 S.E.2d 792, 794 (1978).

The Superior policy provided that it expired on December 27, 1997, unless renewed, and tracking § 38.2-2212(F)(1), it also provided that notice of nonrenewal was not required:

> If the company or its agent acting on behalf of the company has manifested its willingness to renew by issuing or offering to issue a renewal policy, certificate or other evidence of renewal, or has manifested such intention in writing to the insured ....

The plaintiff admits receiving the December 17, 1997, letter from his local agent which alerted him to the pending expiration of his insurance policy, which expiration date was clearly indicated in his insurance policy, so he had notice, provided by both the terms of his insurance contract and the December 17, 1997, letter of the pending expiration of his policy before it ever expired.

In this case, if Superior proves that it mailed the notice, set forth in Exhibit 2, to the insured, then it complied with both its statutory and contractual duty to its insured to notify him in writing of its willingness to renew. The fact that the insured did not receive the notice is of no consequence, because in the absence of contrary statutory provisions, the general law of contract applies to insurance policies, and the policy by its terms had expired. Accordingly, there was no refusal to renew the policy, and the provisions of § 38.2-2212(E) do not apply. Under the facts of this case, Superior was not required to send the notice of renewal by certified or

registered mail. *See Peerless Ins. Co. v. Associates Financial Servs. of Am., Inc.*, 218 Va. 876 (1978) (Where insurer sent notice of renewal by regular mail, insured did not pay, and the policy expired, the insurer was not responsible to provide notice to third party loss payee); *Aetna Cas. & Sur. Co. v. Harris*, 218 Va. 571 (1977) (Where insurer sent notice of renewal policy by regular mail, insured did not respond, the insurer was not liable to insured for insurance coverage for fire); *Boone v. Standard Acc. Ins. Co. of Detroit*, 192 Va. 672 (1951) (Where policy renewal was sent by regular mail and the premium payment was not made, the court held that there was no insurance contract). In each of the above cases, regular mail was used to send the notice of renewal.

Plaintiff argued that in order for subsection (F) to apply, the notice must be received to be effective and since he did not receive Superior's notice of renewal, his policy could not expire. In support of this argument, plaintiff relies upon *Villwock v. Ins. Co. of North America/CIGNA*, 22 Va. App. 127, 133-34, 468 S.E.2d 130 (1996). In *Villwock*, the Court held that in order for a cancellation of a *workers' compensation* policy to be effective, the "notice" must be received by both the commission and the employer. In reaching this decision, the court relied on the express language of the statute, § 65.2-804(B), which is a workers' compensation statute which has no bearing on the notice issue in this case.

By examining cases which address the notice requirements of subsection (E), it is apparent that there is no requirement that the insured actually receive the notice for either a cancellation or a renewal notice to be effective. In *Ampy v. Insurance Co.*, 200 Va. 396 (1958), the insurer, pursuant to the provisions of § 38.2-2212 and § 38.2-2208 (then § 38.1-381.1), mailed a cancellation notice to the insured and obtained a written receipt from the post office. The insured claimed she never received the notice. The court held the policy was canceled and stated: "[I]t is not necessary to prove actual receipt of the cancellation notice. If the notice is mailed in accordance with the terms of the policy and the provisions of the statute, the notice of cancellation is effective." *Ampy*, 200 Va. at 401.

In *Riddick v. State Capital Ins. Co.*, 271 F.2d 641, 642-43 (4th Cir. 1959), the Fourth Circuit held, "[t]he cancellation notice here complies in all respects with the requirements of the policy, so that, if properly addressed, its mailing effectively canceled the insurance coverage as of the date specified in the notice. This is true whether or not the assured actually received the notice … ." In addressing the effectiveness of cancellation, the *Ampy* and *Riddick* courts found that, despite the stringent notice requirements of the statute, it is not necessary for the insured to actually receive the notice.

In *Locke v. Allstate Ins. Co.*, 26 Va. Cir. 304 (Richmond 1992), the issue was the same as presented in this case, whether a renewal offer sent by regular mail and not received by the insured was sufficient notice or whether actual receipt was required, and the Court ruled:

> [J]ust as a notice of cancellation or refusal to renew may be sent to an insured by mail, a manifestation of an insurer's willingness to renew — a renewal offer — may also be sent by mail. Further, since subsection F(1) contains no requirement of registered or certified mail, nor a requirement that a receipt of mailing be obtained, I also hold that the manifestation may be sent to the insured regular mail. Finally, since *Ampy* and *Riddick* hold that a notice of cancellation is complete upon mailing, even if such notice is never received by the insured, I hold that mailing of the insured's manifestation of its willingness to renew is complete upon mailing.

*Locke v. Allstate Ins. Co.*, at 310-11.

In summary, Virginia Code § 38.2-2212(F)(1) provides that the insurer must, at a minimum, notify the policyholder that it is willing to renew by actually issuing a policy or by offering to issue a renewal policy. This manifestation of the insurer's willingness to renew must be in writing and must include the name of the proposed insurer, the expiration date of the policy, the type of insurance coverage, and information regarding the estimated renewal premium. If the insurer proves that the December 2, 1997, notice was mailed to the insured at the address indicated in the policy, then the Superior policy expired according to its terms when no payment was received.

### III. *Decision*

For the foregoing reasons, it is adjudged and declared that in mailing its notice of renewal, Superior was not required to send its notice of renewal by certified or registered mail. The provisions of § 38.2-2212 do apply to this situation. However, Superior's December 2, 1997, notice of renewal clearly falls within the exception set forth in § 38.2-2212(F)(1), and Superior was not required to send its notice of renewal by certified mail. If Superior proves that the December 2, 1997, notice was mailed to the insured at the address shown in the policy, then Superior's policy expired on December 27, 1997, even though the notice may have not been actually received by the insured, because the insured did not pay the renewal premium, in which case there would be no coverage under Superior's policy for the January 11, 1998, accident.