## CIRCUIT COURT OF THE CITY OF RICHMOND

Antronette K. Yancey

v.

Colonial Ins. Co.
of California

September 10, 1999

Case No. (Law) ML6807

BY JUDGE JAMES B. WILKINSON

The plaintiff, Dr. Antronette Yancey, is the owner of a 1989 Ford Probe automobile for which she purchased an insurance policy from the defendant, Colonial Insurance Company of California (Colonial). The policy was to be in effect from April 23, 1997, to May 23, 1997, and Dr. Yancey remitted check number 1123 to Colonial for the sum of $100.01 on April 17, 1997. In May of 1997, Dr. Yancey received an invoice from Colonial for renewal of the automobile insurance policy. The invoice provided the opportunity for Dr. Yancey to renew the policy for one, two, three, or six months. In addition, the invoice stated that the current policy would expire on May 23, 1997, and payment for renewal of the policy was due by that same date. The invoice also clearly stated in bold print: "NO GRACE PERIOD! IF PREMIUM IS NOT PAID BY DUE DATE YOUR COVERAGE EXPIRES."

Dr. Yancey remitted payment in the amount of $172.05 on check number 1141 in order to renew the policy for a two month period. The payment was mailed to Colonial at a billing address in Philadelphia, Pennsylvania, on May 22, 1997. This check was never received by Colonial, nor was the check ever cleared by Dr. Yancey's bank. After May 22, 1997, Dr. Yancey never received any further invoices or notices concerning the insurance policy on her Ford Probe, nor did she remit any further payments to Colonial.

32

Dr. Yancey discovered that the Ford Probe was no longer covered by any Colonial policy after she submitted a claim arising out of an auto accident on November 13, 1997. She claimed damages in the amount of $4,325.98 which was the estimate for repair. Colonial responded to that claim with a letter dated December 19, 1997, which stated that no coverage was available to Dr. Yancey because the policy on the Ford Probe had expired on May 23, 1997, as a result of non-payment of the premium.

Dr. Yancey filed a Petition for Declaratory Judgment on November 4, 1998, against Colonial Life Insurance Company of California seeking a declaration that there was a policy in effect at the time of the accident and also seeking a judgment for damages. Colonial, on December 3, 1997, filed a Grounds of Defense affirmatively pleading that the policy in question had lapsed due to non-payment. On August 24, 1999, this Court, sitting without a jury, heard the present matter, and upon hearing the evidence, representations, and arguments of counsel, the Court held this matter under advisement.

*Issue*

Whether Dr. Yancey was entitled to the statutory notice required by Virginia Code § 38.2-2212(E) before Colonial could properly terminate the automobile insurance policy?

*Discussion*

The plaintiff has alleged that the defendant never provided the required notice for the cancellation of the insurance policy on the Ford Probe and, therefore, the policy was still in effect on November 13, 1997. Virginia Code § 38.2-2212(E) states that no cancellation of an insurance policy shall be effective unless the insurer complies with all the statutory requirements. The plaintiff contends that Colonial's failure to comply with the statutory requirements bars cancellation and the policy remained in effect as a matter of law.

In order for an insured to invoke the protection of Va. Code § 38.2-2212(E), an insurer must attempt to either cancel or refuse to renew a policy. Cancellation may only occur while coverage is still in effect, Va. Code § 38.2-2212(A), and in this instance, Colonial made no effort to cancel Dr. Yancey's policy between April 23 and May 23, 1997. Furthermore, Colonial was willing to renew Dr. Yancey's policy as shown by plaintiff's exhibit D, an invoice offering continued coverage for up to six months.

While the plaintiff desires this Court to rely on Va. Code § 38.2-2212(E), the defendant correctly argued at trial that § 38.2-2212(K) should determine the outcome of this matter. Va. Code § 38.2-2212(K) states:

> Notwithstanding any other provision of this section, a motor vehicle insurance policy with a policy period or term of five months or less may expire at its expiration date when the insurer has manifested in writing its willingness to renew the policy for at least thirty days and has mailed the written manifestation to the insured at least fifteen days before the expiration date of the policy. The written manifestation shall include the name of the proposed insurer, the expiration date of the policy, the type of insurance coverage, and the estimated renewal premium. The insurer shall retain a copy of the written manifestation for at least one year from the expiration date of any policy that is not renewed.

The original policy issued to Dr. Yancey was for one month, and in May of 1997, Colonial sent an invoice to Dr. Yancey offering renewal of the policy for up to six months. On that renewal invoice, there was clear and unambiguous language stating that there was no grace period and that coverage would expire if the premium was not paid. Even though Dr. Yancey did remit payment to Colonial, that check was lost through no fault of either party. Therefore, according to statute, Colonial was well within the laws of the Commonwealth to terminate Dr. Yancey's automobile coverage. Furthermore, the lost check was in an amount sufficient to provide for only two months of coverage, and the accident which sparked this matter occurred over six months after her policy lapsed.

*Conclusion*

Having determined that Dr. Yancey's automobile insurance policy with Colonial was for a period less than five months, Colonial was not required to provide any statutory notice before it officially terminated her insurance coverage. Therefore, Colonial is not liable for any damages which resulted from the automobile incident which occurred on November 13, 1996. The Court enters judgment for the defendant, Colonial Insurance Company of California, in this matter.