**CIRCUIT COURT OF THE CITY OF FREDERICKSBURG**

National Bank
of Fredericksburg

v.

Virginia Farm Bureau
Fire and Casualty Ins. Co.

August 28, 2003
Case No. CL03-36

BY JUDGE JOHN W. SCOTT, JR.

The Court has reviewed the respective memoranda of counsel and considered the arguments of counsel and the evidence that was presented at the August 11, 2003, hearing of this case. The Court adopts the stipulation of facts that became a part of this record on August 3, 2003, and issues the following Memorandum Opinion.

## Opinion

The Court has been asked to interpret the coverage of an insurance policy between the defendant and its insured, which lapsed on January 5, 2002. The defendant contends that the lapse of the policy also terminated any benefits that the plaintiff in this case would have expected to receive as the lien holder of the insured property. The plaintiff contends that it was entitled to specific notice of the lapse by the defendant and, without such notice, the plaintiff has the right to receive the same benefits under the policy as if the lapse had not occurred. Insurance policies are contracts and their terms are construed in accordance with the general principles applicable to all contracts. *Allstate Ins. Co. v. Eaton*, 248 Va. 426, 431 (1994). If the terms of the insurance policy do not conflict with statutes governing the policy, then a court must enforce the parties' contract as written. *Id.* at 431.

The parties agree that the insured and the defendant entered into an insurance policy contract, which expired on January 5, 2002. The plaintiff in this case was, at best, a third-party beneficiary to this contract. However, no

consideration passed from the plaintiff to the defendant. In this case, the consideration passed from the plaintiff to the insured in that the insured satisfied certain terms and conditions of the loan contract between the insured and the plaintiff. The bank maintained the loan on the condition that the plaintiff's property remained insured. The contract between the insured and the defendant expired as of January 5, 2002. The defendant sent the insured notices offering to renew the insurance contract upon the payment of certain premiums. The insured did not accept the defendant's offer of renewal, and the policy lapsed on January 5, 2003. The insured did not attempt to pay any amount of the premium until after the accident of January 19, 2002, over two full weeks after the expiration of his policy. The defendant was not required to issue a cancellation notice under § 32.2-2212 Va. Code Ann. because there was no contract to cancel as of January 5, 2002. The offer to renew the policy in order to keep continuous coverage was not accepted by the insured. The offers to renew clearly state that they were contingent on a certain amount being paid by January 5, 2002. When nothing was paid, the offer to renew was not accepted and the policy simply expired.

Plaintiff claims that, as lien holder or loss payee, it was entitled to ten days notice that the insured had not renewed his policy prior to the defendant's "canceling" the insured's coverage. Plaintiff's relationship with defendant is governed by the loss payable clause attached to the insured's policy of insurance. That clause specifically states that the defendant is obligated to notify plaintiff of a "cancellation" of the policy. Cancellation is very different than expiration of the policy. Under the Virginia statutes, defendant is only obligated to mail an insured an offer to renew unless defendant has decided not to renew the policy. Defendant extended to insured an offer to renew. Insured did not accept and, therefore, a new contract of insurance was not formed. There is no language in the loss payable clause that requires defendant to notify plaintiff of insured's failure to renew the policy. The ten-day notice provision governs only cancellation, which is the termination of coverage during the policy period. See *Yancey v. Colonial Ins. Co. of California*, 51 Va. Cir. 31 (1999) (holding that cancellation may only occur while coverage is still in effect). That provision does not apply in this case because insured's policy expired but was not cancelled.

The Court agrees with the defendant that there was no contractual or statutory obligation on the part of the defendant to notify the plaintiff in this case that the premium was not paid. Given the fact that there was no contract of insurance in existence between the insured and the defendant in this case at the time the plaintiff bank filed asserting coverage, the defendant insurance company was absolutely correct in denying the plaintiff bank's claim. The

bank's claim can rise no higher than that of the insured. Furthermore, there was absolutely no requirement of the insurance company to notify a loss payee of the expiration of the policy prior to the policy's lapse. See *Peerless Ins. Co. v. Associates Financial Services of Am., Inc.*, 218 Va. 876, 241 S.E.2d 792 (1978).

For these reasons the Court finds in favor of the defendant.